## Rienzi *v.* Goodin, Appellant.

*Trusts and trustees—Trust for settlor's use—Reservation of power to dispose by will—Creditors—Fraud.*

A person sui juris cannot as against creditors settle his property in trust for his own use for life, reserving the power to devise it by will, and property so transferred is subject to attachment at the suit of a creditor of the settlor.

Argued May 6, 1915. Appeal, No. 66, Jan. T., 1915, by defendant, from judgment of C. P. No. 5, Philadelphia Co., Sept. T., 1914, No. 3699, for want of sufficient answers to plaintiff's interrogatories in case of Luigi Rienzi v. Helen M. Goodin, Defendant, and Walton Penniwell,

and the Land Title & Trust Company, Trustees under deed of trust of Helen M. Goodin, Garnishees.  Before BROWN, C. J., MESTREZAT, ELKIN, STEWART and FRAZER, JJ.  Affirmed.

Attachment sur judgment in assumpsit.

Rule for judgment for want of sufficient answers to plaintiff's interrogatories.

The facts appear in the following opinion by MARTIN, P. J.:

On November 4, 1914, plaintiff commenced suit to recover from Helen M. Goodin, the defendant, a balance due for wearing apparel.  Judgment was entered for want of an affidavit of defense, and damages were assessed in the sum of $2,070.18.  A writ of attachment sur judgment was issued and served on the Land Title and Trust Company and Walton Penniwell, garnishees. Interrogatories were filed, and in the answers it was stated that on December 6, 1911, Helen M. Goodin transferred to Walton Penniwell and the Land Title and Trust Company certain personal property in trust to pay the income to her during life, and upon her death, to transfer the principal unto such persons as she might appoint by will, in default of appointment, to her children, and the issue of deceased children, and in default of both appointment and children, or issue of deceased children, then to such persons as would be entitled under the intestate laws; and at the time of the service of the attachment, the garnishees held securities belonging to principal amounting to $90,490.33, and $440.39 income.

A rule was entered for judgment.

At the argument it was admitted that the defendant, Helen M. Goodin, has no issue, is unmarried, and was not in contemplation of marriage, at the time of the execution of the deed.

The deed of trust, a copy of which is attached to the answers, is a voluntary deed in consideration of one dollar.

A careful perusal of its terms in the light of the cir-
cumstances of the settlor, discloses a clear purpose to
place her property beyond the reach of creditors. The
public policy affecting such settlements is stated in the
opinion of Mr. Justice THOMPSON in Mackason's App.,
42 Pa. 330, etc. In that case there was a deed executed
by one sui juris, in trust for his own use for life, over to
his appointees by will, and in default of appointment
to his lawful heirs in fee. "This" it was said "brings us
to the simple inquiry, can the owner of property so dis-
pose of it, for his own use, benefit and support, as to put
it beyond the reach of liability for his future debts, he
being and continuing sui juris, and there appearing to
be no reason therefor excepting to withdraw it from such
liability, and thus retain the temporal ownership with-
out its incidents? This would be a startling proposition
to affirm. It would revolutionize the credit system en-
tirely, destroy all faith in the apparent ownership of
property, and repeal all our statutes and decisions
against frauds.......Such consequences from judicial
action need not be deprecated in advance, for they never
can occur......What object there could have been here
for this extraordinary settlement other than to protect
the settlor's property against future indebtedness, does
not appear."

In Ghormley v. Smith, 139 Pa. 584, it was held that
a single woman, not in contemplation of marriage, can-
not settle property upon trusts in such a way that she
shall receive the income during her life, and have the
power of disposition of the property at her death by ap-
pointment, and yet it shall not be responsible for lia-
bility for her lawful debts. It was said by Mr. Justice
CLARK: "It is not pretended that the trust in question is
sustainable as a trust for coverture, or for the separate
use of the grantor, for she was then unmarried, and,
although she was in a very short time afterwards mar-
ried, it was not shown, nor is it alleged, that it was
created in contemplation of that event. No such ques-

tion arises, and it is not necessary for us to consider the effect of the deed, if the grantor at the time had in contemplation the marriage relation which was afterwards formed." After quoting from Mackason's App., (supra), the court said, "The cases are not precisely similar, but in both it is clear that the design of the deed was to limit the property so that the grantor should enjoy it for life with power to dispose of it at death, and yet that it should not be subject to the grantor's debts......In both cases, not only the purpose, but the only purpose was that the grantor should enjoy the property, and that it should not be subject to the grantor's debts. The difference most strongly urged is that the grantor in Mackason's App. was a man, whilst here the grantor is an unmarried woman; but we think no principle or present policy of the law requires any distinction, in this respect, between the sexes. It may be that, if the rights of creditors had not intervened, the trust would be deemed irrevocable, and would be upheld even as against the grantor herself, but as against creditors, either prior or subsequent, the terms of the trust would not avail. ......The policy of our law is otherwise, and in Mackason's App. it has been plainly so declared."

The principle was reaffirmed in Nolan v. Nolan, 218 Pa. 135. The settlor in that case was a widow with six children. The deed of trust dated in 1898 reserved to the settlor the income for life and directed payment of the principal upon her death to such persons as she appointed by will, and, in default of appointment to her next of kin. In 1904 the settlor confessed judgment, an attachment execution issued, and was served on the trustee as garnishee.

It was said by Mr. Justice ELKIN: "It is conceded that at the time of the execution of the deed of trust the indebtedness on which the present proceeding is founded had not been created, nor was it in contemplation, nor is there any evidence to show that the settlor intended to withdraw the property set aside from the reach of

the attaching creditor......As. against existing credi-. tors, such a conveyance would be fraudulent, and in order to make it valid as to subsequent creditors, it must appear that the settlor has divested himself of all rights of ownership in, and control over, the property thus conveyed, reserving only to himself the right to receive the income during life......Even in such a case the income would be considered. assets subject to attachment by a creditor of the settlor. It is against public policy, and not consonant with natural justice and fair dealing, as between debtor and creditor, that a settlor should be permitted to play fast and loose with his property, in such a manner as to have the use of the income during life and the right of disposing of the principal by will at any subsequent time he chooses to exercise the power, thus giving him all of the substantial benefits arising from the ownership thereof while he has safely put his property beyond the reach of creditors......The learned court below in placing a construction on this instrument held that it was the primary object thereof to provide for the settlor herself by securing the income of the trust estate, and at the same time withdrawing it from the grasp of creditors. A person sui juris cannot as against creditors, either prior or subsequent, settle his property in trust for his own use for life and over to his appointees by will, and in default of such appointment to the use of his lawful heirs in fee: Mackason's App., 42 Pa. 330. In that case it was expressly held that property so settled is assets in the hands of the trustee for the payment of debts, whether contracted prior or subsequent to the execution of the deed of trust. This case has never been overruled, and we see no reason why it should be disturbed now......The legal effect of the whole instrument is to give the settlor the benefits of the property during life, the disposition of it after death, so that she enjoys all the benefits of ownership and shares none of the burdens and at the same time the property is beyond the reach of creditors."

In Holbrook's Est., 213 Pa. 93, Mr. Chief Justice MITCHELL stated that "a man may not settle his own property on himself so as to keep it out of the reach of his creditors, for that would lead directly to fraud."

The established law was not modified by Egbert v. de Soloms, 218 Pa. 207. In that case the settlors, who were husband and wife, created a trust, reserving to themselves the income for life, with the remainder to their children, or the issue of a child deceased. There was a power of appointment by will, but limited to determining in what shares or proportions those in remainder should take. In that case the settlors divested themselves of all right of ownership in and control over the property, and the estate in remainder vested in the children; and there were children living when the trust was created. It was said by the court: "Except as against existing creditors, or those in specific contemplation in the immediate future, the defendant and his wife, the settlors in the deed of trust, could have conveyed a present absolute estate to their children, and a fortiori they could convey an estate in remainder. This is what they did, and the remainder vested in the children at once. The power of appointment by the settlors in regard to the respective shares in which the children should take did not in any way diminish the estate of the remaindermen, or reserve to the settlors any interest which would invalidate the trust in favor of their creditors."

It was said in the opinion of the lower court, which was affirmed—"The children, therefore, have a vested interest in the whole estate which is to take effect in possession as to one portion of it, upon the death of the mother, as to the other portion, upon the death of the father. As to the children's interest in the estate it is clear that under this deed they take as purchasers and not as heirs, and the estate is to be preserved by the trustees for their use........No power whatever, either of control or disposition, is reserved or given to the grantors except the single power to designate by will the

shares to be received after their death by the respective children."

In the present case Helen M. Goodin, the settlor, has retained the unrestricted power by appointment to dispose of the entire corpus of the estate by the terms of her will, to others than children or issue of deceased children, thus divesting the remainder in them if children are ever born to her.

The case is ruled by Mackason's App. (supra.), and is not affected.by the law applicable to the special circumstances of Soloms v. Trust Company, 16 W. N. C. 80.

It is against public policy to permit the defendant, under cover of a trust in which she reserves to herself the benefits of the property during life, and the disposition of it after death, to enjoy all the benefits of ownership, and share none of the burdens, while at the same time the property is beyond the reach of creditors. (Nolan v. Nolan, supra.)

The court made absolute plaintiff's rule for judgment for want of sufficient answers to plaintiff's interrogatories. Defendant appealed.

*Error assigned* was in making absolute rule for judgment.

*Ralph B. Evans,* with him *Frank P. Pritchard,* for appellants.

*Albert W. Shields,* for appellee, was not heard.

PER CURIAM, May 17, 1915:

This judgment is affirmed on the clear opinion of the learned president judge of the court below, making absolute the rule for it on the answers of the garnishees to the interrogatories filed by the plaintiff.

Judgment affirmed.