# Benedict v. Benedict.

*Trusts and trustees — Trust for settlor's use — Reservation of power to dispose by will—Public policy—Creditors—Fraud—Attachment.*

1. In order to make a trust valid as to subsequent creditors, the settlor must divest himself of all rights of ownership in, and control over, the property thus conveyed, reserving to himself only the right to receive the income during life; otherwise the trust is void as against public policy.

2. Where a person sui juris settled his property in a trust irrevocable in form, for his own use for life, reserving the unrestricted power to devise by will, and providing that his wife and children and next of kin should take only if he did not exercise such power, the property so transferred is subject to attachment at the suit of a creditor of the settlor for a debt incurred subsequent to the creation of such trust.

Argued March 12, 1918. Appeal, No. 372, Jan. T., 1917, by Farmers & Merchants Trust Company of Chambersburg, Garnishee, from judgment of C. P. Franklin Co., Oct. T., 1917, No. 224, entered against Garnishee under attachment execution in case of Mary A. Benedict v. J. L. Benedict, Defendant, and Farmers & Merchants Trust Company, of Chambersburg, Garnishee. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Attachment execution. Before GILLAN, P. J.
The facts appear by the opinion of the Supreme Court.

Assignment of Error—Opinion of the Court. [261 Pa.

The lower court entered judgment against the garnishee for $2,506.20 for want of sufficient answers to interrogatories. The Farmers & Merchants Trust Company of Chambersburg, Garnishee, appealed.

*Error assigned,* among others, was in entering judgment against the garnishee.

*T. Z. Minehart* and *Walter K. Sharpe,* with them *William S. Hoerner* and *Irvin C. Elder,* for appellant.—The trust was irrevocable and the property transferred was therefore not subject to attachment: Stockett v. Ryan, 176 Pa. 71; Neal v. Black, 177 Pa. 83; Kraft v. Neuffer, 202 Pa. 558; Potter v. Fidelity Insurance, Trust & Safe Deposit Co., 199 Pa. 360; Mackason's App., 42 Pa. 330; Nolan v. Nolan, 218 Pa. 135; Egbert v. DeSolms, 218 Pa. 207.

*O. C. Bowers,* for appellee.—A person sui juris cannot, as against creditors, either prior or subsequent, settle his property in trust for his own use for life and over to his appointees by will, and in default of such appointment to the use of his lawful heirs: Nolan v. Nolan, 218 Pa. 135; Mackason's App., 42 Pa. 330; Rienzi v. Goodin, 249 Pa. 546.

OPINION BY MR. JUSTICE MOSCHZISKER, April 3, 1918:

J. L. Benedict, in consideration of "natural love and affection toward his wife and children" and the sum of one dollar, executed and delivered to the trust company here named as garnishee, a sealed written instrument, whereby he placed $11,000 in the latter's custody, for and upon the following uses and trusts: "To invest and keep the same invested,...... and pay the [net]...... income......to the said J. L. Benedict during the term of his natural life; and, at his death, to pay the principal of said trust fund......to such person or persons or objects as the party of the first part [the settlor] may ap-

point by any last will and testament which he may leave at the time of his death.    In case he shall leave no such will, then one-third thereof to his widow, and the remaining two-thirds, or, in case he shall leave no widow, the whole, in equal shares, to such children of the party of the first part as may be living at the time of his death. In case any child or children shall die during the lifetime of the said J. L. Benedict, leaving children to survive who shall be living at the death of the said J. L. Benedict, such children of such deceased child or children shall take their parent's share.    In case the said J. L. Benedict shall leave no children or issue of such children living to survive him, then the share or part of said trust fund that would go as aforesaid to such children shall be paid to the next of kin."

The deed in question stipulates that the trust shall be irrevocable, and that no part of the fund, either principal or income, shall be transferred or assigned by the settlor; further, that it shall not be liable for his future debts, contracts or engagements, nor subject to attachment or other legal process at the suit of his creditors.

On the date of the deed, March 24, 1915, Mr. Benedict had a wife and three children.    June 15, 1917, he executed and delivered to plaintiff a judgment note for $2,500, the debt for which this was given having been contracted after March 24, 1915.    August 14, 1917, judgment was entered on the note, and, on the same day, execution issued against the trust company, as garnishee, attaching any property in its hands belonging to the settlor.    In due course, the court below held that the so-called "trust fund" was liable for plaintiff's claim, and defendants have appealed.

Under our decisions, the court below was clearly right in its disposition of this case.    Had Mr. Benedict not retained absolute power to dispose by will of the corpus of the fund here in question, the present case would fall within the principle of Egbert v. DeSolms, 218 Pa. 207, where the trust was held unassailable by an attaching

creditor; but, in the deed before us, the settlor first ex-
pressly reserves unrestricted power to control by will the
disposition of the entire fund after his death, his widow
and children or next of kin taking only in the event of his
failure to exercise this absolute right.    Egbert v. De-
Solms is sufficiently distinguished in Rienzi v. Goodin,
249 Pa. 546, 551, where it is correctly stated that the de-
cision in the former case in no way modified "the estab-
lished law"; and this law, as laid down in Nolan v. Nolan,
218 Pa. 135, cited by the court below, clearly sustains the
judgment at bar.

It may be noted that Egbert v. DeSolms, supra, is re-
ported in the same volume as Nolan v. Nolan, and that
the facts in the latter are strikingly like those in the case
before us.    There, as here, the deed, by its terms, is ir-
revocable, and, at the time of the execution thereof, the
indebtedness in controversy had not arisen, nor was it
in contemplation; finally; in both instances, at the
creation of the trust, the settlor had several children liv-
ing.    In the present case, after reserving an absolute and
unrestricted power of appointment in himself, the settlor
provides that, upon default of its exercise, the fund in
question shall go to his widow and children, or the lat-
ter's issue, in certain proportions, these being in accord-
ance with the shares they would take under the intestate
laws, or, if no widow, children or issue, then to his next
of kin..    In Nolan v. Nolan, after reserving a like power
of appointment, the settlor provided that, upon default
in its exercise, the fund should go to her next of kin.
While the phraseology is different, it will be observed
that, so far as the question here involved is concerned,
both of these provisions are, in effect, the same.

In the Nolan case (at pp. 139-40) we thus state the law:
"In order to make it [the trust] valid as to subsequent
creditors, it must appear that the settlor has divested
himself of all rights of ownership in, and control over,
the property thus conveyed, reserving only to himself
the right to receive the income during life; and......

it is against public policy......that a settlor should be permitted to play fast and loose with his property in such a manner as to have the use of the income during life and the right to dispose of the principal by will at any subsequent time he chooses to exercise the power......A person sui juris cannot, as against creditors, either prior or subsequent, settle his property in trust for his own use for life, and over to his appointees by will, and, in default of such appointment, to the use of his lawful heirs in fee: Mackason's App., 42 Pa. 330."

The fact that, by the deed in Nolan v. Nolan, supra, the trustee was authorized to reconvey the property to the settlor, if the former deemed it expedient so to do, is not of controlling significance; for no such provision appears in Rienzi v. Goodin, supra, where the terms of the deed are almost precisely like those in the instrument at bar, and where Nolan v. Nolan was treated as a binding authority. We conclude that there are no substantial points of distinction between the present case and the two just cited.

The assignments of error are overruled, and the judgment is affirmed.