## Nolan v. Nolan et al.

*Stevens & Lee* and *Allan K. Grim, f*or plaintiff.
*George A. Kershner* and *Zieber & Snyder*, contra.

Mays, J., April 4, 1938.—On December 9, 1937, plaintiff entered judgment on a judgment note against Edward C. Nolan, defendant, in the sum of $1,950. On the same day plaintiff issued an attachment execution against defendant, Edward C. Nolan, naming The Reading Trust Company, trustee for Edward C. Nolan under the will of Cora S. Nolan and under deed of trust from Edward C. Nolan, as garnishee.

Interrogatories were filed. The garnishee answered, admitting that it held as trustee for defendant cash on hand in the sum of $189.62, in the trust created under the will of Cora S. Nolan, due and payable to Edward C. Nolan as income from said trust estate, and that it had $82,-999.75 in the principal account of the trust estate created under the deed of trust from Edward C. Nolan, and $411.09 due and payable to Edward C. Nolan as income from the trust estate created under the deed of trust from Edward C. Nolan.

A rule for judgment on the answers to the interrogatories was obtained by plaintiff. The garnishee answered it, and admitted that in the trust established under the will of Cora S. Nolan plaintiff is entitled to the sum of $189.62, being the cash on hand, and that in the trust established by Edward C. Nolan plaintiff is entitled to the sum of $411.09, this being the income now in its hands. The garnishee, however, denied the right of plaintiff to attach the interest of defendant, Edward C. Nolan, in the principal of the trust established by Edward C. Nolan, assigning as the reason therefor that said trust is a spendthrift trust.

Whether or not the trust established by Edward C. Nolan is valid against creditors is the question before the court. By its terms defendant, Edward C. Nolan, assigned to The Reading Trust Co., garnishee, certain property to be held by The Reading Trust Co., in trust, to pay him the income for life, and upon his decease to transfer and set over the principal to such persons as he might by will appoint, and in default of appointment, to his next of kin. The deed recited that it was deliberately made irrevocable, and that "no part of the estate hereby granted, shall at any time hereafter be subject in any manner to the control, engagements, debts or liabilities of the said Edward C. Nolan."

The case at bar is in most respects on all fours with Nolan v. Nolan, 218 Pa. 135, the only difference being that the deed in the present case does not contain the

provision authorizing the trustee to reconvey the property to the settlor if the trustee at any time should think it expedient to do so. This is not material under the facts of the present case, because in both of the cases the trusts do not divest the settlors of all rights of ownership in, and control over, the property conveyed. Helen T. Nolan, defendant in the case above cited, and Edward C. Nolan, defendant in the instant case, the settlors, retained an unrestricted power of appointment, enabling themselves by will to dispose of the entire corpus of the estate, and to destroy the interest of all the remaindermen, whether vested or contingent.

In Nolan v. Nolan, supra, Mr. Justice Elkin said (p. 139):

"As against existing creditors such a conveyance would be fraudulent, and in order to make it valid as to subsequent creditors, it must appear that the settlor has divested himself of all rights of ownership in, and control over, the property thus conveyed, reserving only to himself the right to receive the income during life". And again (p. 140):

"A person sui juris cannot as against creditors, either prior or subsequent, settle his property in trust for his own use for life and over to his appointees by will, and in default of such appointment to the use of his lawful heirs in fee", citing Mackason's Appeal, 42 Pa. 330. See also Rienzi v. Goodin, 249 Pa. 546, and Benedict v. Benedict, 261 Pa. 117.

This is a trust wholly for the convenience of the settlor, and in reality is not made for his protection against intemperance or vicious habits, or as a spendthrift trust, for no third person is given any interest in it, either present or future: Long et al. v. Tradesmens National Bank & Trust Co., 108 Pa. Superior Ct. 363.

And now, to wit, April 4, 1938, judgment is entered in favor of plaintiff and against the garnishee in the amount of plaintiff's judgment, viz., $1,950, with interest from December 9, 1937.