## In re Trust of Diedel et ux.

Before Van Dusen, P. J., and Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

*James R. Wilson,* for exceptants.

*George Ovington, Jr.,* contra.

VAN DUSEN, P. J., July 1, 1938.—George A. Diedel and wife placed certain property in trust under a deed, the income to be paid to them and the survivor of them for life, and the principal to be appointed by the will of the survivor. Mrs. Diedel died, the husband made a will, and then he married and died leaving the second wife to survive him. The auditing judge held that the husband died intestate with respect to his wife because of the provisions of section 21 of the Wills Act of June 7, 1917, P. L. 403. The authority for this conclusion is found in Shoch's Estate (No. 1), 271 Pa. 158. In that case the testator had a child after making his will, but the applicable section of the statute is the same and the principle is the same. See also Young's Appeal, 39 Pa. 115.

The auditing judge further held that the trust fund was the property of Diedel, and he awarded to the surviving widow her appropriate share in the same under the intestate laws.

The deed of trust made no provision for disposition of the fund in default of appointment. There was no evidence to show whose property made up the trust fund. George Diedel at the time of his death was entitled to the income for life, he could dispose of the property by will, and he could revoke or amend the deed of trust, and had in fact amended it in one particular. There was no direct power to reduce the fund to possession, but it would seem that Diedel could have so altered the terms as to make himself sole beneficiary of a passive trust which would have entitled him to possession. See Nolan v. Nolan, 218 Pa. 135, and Rienzi v. Goodin, 249 Pa. 546, in which cases, however, the property was originally the property of the settlor. Whose property was it if not his?

The exceptions are dismissed and the adjudication is confirmed absolutely.