## Jackson's Estate

Before Van Dusen, P. J., and Sinkler, Klein, Bolger, Ladner, and Hunter, JJ.

294

296

298

*Thomas S. Lanard,* for exceptants.

*William E. Lingelbach, Jr.,* of *Morgan, Lewis & Bockius,* contra.

BOLGER, J., April 6, 1944.—Senator Jackson could not legally place his property beyond the reach of his creditors and at the same time retain control over its ultimate destination even though he reserved a life interest for his wife. Subject to the latter interest, the fund was amenable to creditors' claims. The retention of the reversion in the settlor, coupled with the waiver by him of the reserved power of appointment, effectually extinguished the latter and validated the second deed in favor of creditors. Mogridge's Estate, 342 Pa. 308, Lyon et al. v. Alexander, 304 Pa. 288, and the other cases cited by the auditing judge are controlling. See also Bowers' Trust Estate, 346 Pa. 85.

The fact that the first deed was supported by a consideration, viz, the marriage of Senator Jackson and his wife, does not alter the result. Mrs. Jackson's interest was exhausted by her death. Had there been any additional arrangements agreed upon at the time the original deed was executed, such as the indefinite one suggested by the exceptants, that the testator provide in the exercise of the power of appointment for their children, it must appear in the deed if it is to be presently enforced. We are not free to guess at any one of many such possibilities. Had the deed contained any such limitation upon the settlor's exercise of the power of appointment, it would have defeated his full control over the estate and effectually placed the res beyond the reach of creditors: Egbert v. de Solms, 218 Pa. 207; C. I. T. Corp. v. Flint et al., 333 Pa. 350.

The clerk is directed to change the caption of this case to read: "In re Trust under Deed of William P.

Jackson, Settlor (Deceased), dated December 1, 1911, as amended by Deed dated December 21, 1936, First and Final Account of Girard Trust Company, trustee."

The exceptions are dismissed and the adjudication is confirmed absolutely.