## Kraft Trust

*Thomas V. Douglass*, for petitioner.
*Thomas E. Whitten*, for respondent.

RYAN, J., December 29, 1950.—The real question in this declaratory judgment proceeding is whether under

the law of Pennsylvania the settlor of an irrevocable trust can assign retained or reserved life income despite a spendthrift clause in the trust instrument prohibiting assignment. It may be stated that petitioner desires legitimate avoidance of Federal estate tax.

By indenture dated November 20, 1929, and recorded in the office of the clerk of this court in trust inter vivos docket no. 4, p. 107, petitioner as donor established an irrevocable trust with the Union Trust Company of Pittsburgh, now Mellon National Bank and Trust Company, as trustee. Thereunder all net income is to be paid quarterly or at other convenient periods to donor for and during the term of her natural life. Unnecessary to detail here are provisions effective upon settlor's death for payment of income to designated persons and for ultimate distribution of principal. Entire present concern is with the spendthrift clause reading as follows: "No beneficiary shall have the power to anticipate or assign his or her interest in the income or principal of the trust fund, nor shall the same be liable in any manner for his or her debts or obligations or be subject to legal process therefor."

At the time this trust was created decisions and rulings were to the effect that such retention of life income by the settlor would not make the trust principal includable for estate tax purposes on death. On January 17, 1949, the Supreme Court of the United States in Commissioner v. Estate of Church, 335 U. S. 632, decided that, where a settlor created a trust prior to March 3, 1931, with retention of a life estate, the trust principal would be includable for estate tax purposes on the death of settlor. Thereafter in 1949, the Technical Changes Act of Oct. 25, 1949, 63 Stat. at L. 893, became effective providing, inter alia, that a donor, who had made such a transfer and retained a life interest, may assign or relinquish the life estate during

the balance of 1949 and through the year 1950 without incurring any estate or gift tax liability.

In a writing executed by donor as of December 19, 1950, and tendered by her to the trustee for acceptance and execution by it, she refers to the Technical Changes Act above mentioned and proceeds to divest herself completely of all right to the trust income during her life by assigning same to others with direction that the trustee henceforth make payment accordingly. Nothing therein attempts to change the provisions effective upon donor's death for the payment of income and ultimate distribution of principal. The trustee refused to accept and execute this writing solely on the basis that so to do would involve it in a breach of trust if that document should be deemed invalid because of the spendthrift provision above quoted. Thereupon this petition for declaratory judgment was filed naming the trustee as respondent and the latter answered admitting the recited facts. Counsel assure that the Federal tax authorities have indicated that this assignment, if held valid and effective under Pennsylvania law, is in compliance with the Technical Changes Act.

Our first approach must be from the standpoint of jurisdiction and of this there can be no doubt under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, as amended and supplemented (12 PS §831 et seq.). One requisite is that all parties whose interests would be affected by the declaration must be in court. Obviously the only parties here legally interested are the donor as petitioner and the trustee as respondent. Assignees of the life income right of settlor may have benefits in expectancy but nothing is yet vested in them susceptible of being affected or prejudiced by anything in this record. Next we must be sure that an actual controversy or ripening seeds thereof exist because courts are not instituted to ren-

der advisory opinions by way of declaratory judgment: Schoenbrun v. Nettrour et al., 360 Pa. 474. A mere glance at the petition and answer demonstrates the absence of factual dispute, the existence of an actual controversy which is susceptible of judicial determination here as a matter of law and the presence of all essentials to appropriate relief. There is no Pennsylvania statute providing a special form of remedy for this specific type of case.

Our duty is plain under New Castle School District v. Travers et al., 353 Pa. 261, 264, where the court approved the opinion of Braham, P. J., containing the following language: "To the litigants, procedural questions mean nothing; they want the dispute decided. Thus the legislature has merely directed the courts to do what we should have known enough to do without the direction,—take the cause of parties who are all before the court with the controlling question of law which is apt and ripe for decision and decide the question.

"In the Act of 1935 the people are speaking to a branch of the government which they believe to be lagging behind in the progress of government. They may be telling us to forget some of our technical learning; they are certainly telling us to get on with our business of deciding the peoples' questions for them."

When considering the 1943 amendment in Philadelphia Mfrs. Mutual Fire Insurance Co. v. Rose, 364 Pa. 15, the court stated (p. 23): "We must give the amendment its clearly expressed effect where, as here, the parties have brought themselves within its terms." Finally, it is beyond doubt that the necessity for immediate determination exists in the instant case: List's Estate, 283 Pa. 255.

Perhaps donor did not intend her own life estate to be subject to the spendthrift provision but the words used appear on their face to have that effect. In a

312

long line of cases from Mackason's Appeal, 42 Pa. 330, to Mogridge's Estate, 342 Pa. 308, it has been held uniformly to be "against public policy for one so to limit his property in trust that he retains to himself the beneficial incidents of ownership therein and yet places it beyond the reach of those to whom he is or may become indebted." Assignment to creditors by a settlor in the face of spendthrift prohibition was upheld in Mogridge's Estate, supra, where the court found no necessity to decide whether the settlor might voluntarily assign a retained interest to any person other than a creditor.

Termination of a trust inter vivos was permitted in Bowers' Trust Estate, 346 Pa. 85, even though settlor had retained the life income with spendthrift and separate use trust provisions attached. There settlor's son was entitled in remainder and made an assignment to his mother so that she became the sole party in interest. In the opinion Mr. Justice Horace Stern pertinently asks: "What valid reason exists . . . for denying the request, especially if the settlor is also the sole beneficiary?" and goes on to answer: "Such a denial in effect prevents a person from doing as he pleases with his own property." In a footnote the learned justice comments on the fact that Pennsylvania cases have been criticized not only on that ground but also for the reason that a spendthrift trust may be circumvented by the settlor borrowing on the security of his life estate. Several authorities are cited but the exigency of time does not permit extended discussion thereof. The important element is that recognition should be given "to the difference between a testamentary trust, where the settlor, being deceased, can not, and of course does not, consent to the termination desired by the beneficiaries, and a situation in which the settlor of an inter vivos trust is living and

joins with the beneficiaries in requesting that the trust be terminated."

The only apparent difference between the Bowers case and the one at bar is that there termination of the trust was accomplished while here settlor divests herself of and assigns all her right to the trust income without otherwise affecting the terms and provisions of the trust. In the event settlor should renounce, the disposition of income would be left hanging in the air and if the subsequent income beneficiaries should predecease her, the trust principal would be taxed as part of her estate. Clearly her assignment is to prevent that result. Acceleration of the later estates in income and in remainder would not help in such regard. The closing language of the Bowers opinion is: "Certainly the protection afforded her by a court of equity should be real, not ironical." In the case at bar the manifest purpose is legitimately to avoid a substantial tax without affecting the subsequent income estates and those in remainder.

Thorough consideration of all that is said in the Bowers opinion and application of the language there to the facts in the case at bar will lead to the conclusion that settlor's retained life estate is her own property and she may do therewith as she pleases. Hence she may effectuate assignment thereof despite the spendthrift prohibition because no other person has any interest in the reserved life income. Of course, spendthrift provisions in a will continue as favorites of the law and are to be rigidly sustained if otherwise legal: Borsch Estate, 362 Pa. 581.

Under the facts here shown we hold that the instrument of December 19, 1950, contains a valid assignment of her life estate by donor, that she properly requested acceptance and execution of this document by the trustee and that in so doing the latter will not become involved in a breach of trust. It may be added

that no person other than petitioner could ever make such assertion against the trustee and by the assignment and this petition for declaratory judgment donor has effectively concluded herself and her estate.