### Dravo Trust

*Moorhead & Knox,* for accountant.

*Earl F. Reed, Jr.,* for trustee ad litem.

*Blaxter, O'Neill & Houston,* for assignee of income rights.

BOYLE, P. J., August 30, 1951.—The question presented at the audit of the sixth account of the successor trustees under an inter vivos deed of trust of Jane M. Dravo is whether the creator of an inter vivos trust, who has reserved to herself income for life, can make a valid assignment of her rights to income to a person not a creditor, under the provisions of the trust instrument which contains, inter alia, a spendthrift restrictive clause.

Mrs. Jane M. Dravo, under date of January 15, 1931, created a trust by deed under which Ralph M. Dravo, her husband, Frank R. Dravo, her brother-in-law, and the Bank of Pittsburgh National Association were made trustees. By the terms of the trust Ralph M. Dravo was given a life estate. Upon his death, after the payment of certain gifts out of principal, the trust was to continue and settlor became the life tenant. Upon her death the trust provides for a further distribution of principal and the remainder to continue in trust to pay settlor's daughter, Elizabeth Dravo Harlow, the sum of $20,000 annually for life and the remainder of the income, if any, after the payment of certain annuities. Upon the daughter's death the principal is to be divided "to and among the issue of the Creator's said daughter, Elizabeth Dravo Harlow, in equal shares", the issue of any deceased child to take the parent's share. In default of issue the trust continues for the benefit of Frank R. Dravo, for life, and upon his death the principal is to be paid to officers of the Dravo Corporation and charities which have already been designated in accordance with the deed.

Frank R. Dravo died February 26, 1934, and Ralph M. Dravo died November 11, 1934. The principal payments authorized by the deed of trust were made and Mrs. Dravo's life estate began. She received the income payments from that time until December 26, 1950. When this trust was created in January 1931 the res-

ervation of the income of the trust to settlor for life did not render the principal of the trust estate taxable for Federal estate tax purposes. On January 17, 1949, the Supreme Court of the United States in Commissioner of Internal Revenue v. Estate of Church, 335 U. S. 632, held that where a settlor created a trust prior to March 3, 1931, reserving a life estate to himself, the transfer was one "intended to take effect in possession or enjoyment at or after his death" and the principal or corpus of the trust thereby became subject to Federal estate tax upon the death of settlor. Thereafter Congress enacted the Technical Changes Act of October 25, 1949, sec. 10, 63 Stat. at L. 891, 896, providing, inter alia, that a settlor who had conveyed in trust before March 3, 1931, reserving the right to the income, may assign or relinquish the right to income during the years 1949 and 1950 and thereby avoid inclusion of the principal of the estate in the calculation of the Federal estate tax upon the death of settlor. On December 28, 1950, Jane M. Dravo, in order to take advantage of the lawful avoidance of tax permitted by the Technical Changes Act of 1949, executed the following assignment:

"Know all men by these presents:

"That I, Jane M. Dravo, intending hereby to be legally bound do hereby

"(a) Irrevocably assign to my daughter, Elizabeth Dravo Harlow, her heirs, executors, administrators and assigns, all my rights to income, if any, to which I may be now or hereafter entitled under my Deed of Trust, dated January 15, 1931, to Ralph M. Dravo, Frank R. Dravo and The Bank of Pittsburgh National Association, Trustees, (the present Trustees under said Deed of Trust being Louis A. Mertz, William K. Fitch and Mellon National Bank and Trust Company) ;

"(b) Irrevocably renounce and disclaim all rights possessed by me under the portion of Section 1 of Ar-

ticle First of said Deed of Trust, which reads as follows:

" 'No investments or reinvestments are to be made by the Trustees without the consent and approval of the Creator';

"(c) Irrevocably renounce and disclaim all rights possessed by me under the provisions of Article Third of said Deed of Trust to nominate a successor individual Trustee in the place of an individual Trustee who shall die.

"In witness whereof, I have hereunto set my hand and seal, in triplicate, this 28th day of December, 1950."

The petition for distribution sets forth the following questions for determination by the court:

(a) Whether or not Jane M. Dravo can make a valid assignment of her income rights in view of the spendthrift provisions of the deed of trust;

(b) Whether or not by virtue of the assignment of Jane M. Dravo, dated December 28, 1950, the trustees may pay to assignor's daughter, Elizabeth Dravo Harlow, income of the trust received after December 28, 1950, which in the exercise of their discretion they would pay to Jane M. Dravo in the absence of the assignment; and

(c) In view of the assignment, what disposition is to be made of the income balance now in the hands of the trustees; the trustees hereby declaring with respect to said income that in the absence of the assignment they would, in the exercise of their discretion, pay the income to Jane M. Dravo.

The pertinent provisions of the trust agreement read as follows:

"Article First

"*Section 5.* All the shares of income and principal by this instrument given to or directed to be held for

the use and benefit of the several and respective beneficiaries in the trust in this instrument set out, shall not be in any way or manner subject or liable to their or any of their anticipation, sale, pledge, debts, contracts, engagements, or liabilities, and shall not be subject or liable to attachment or execution or sequestration under any legal or equitable or other process."

"Article Second

"*Section 3.* After the death of the Creator's husband, Ralph M. Dravo, and after the payments from principal specified in the preceding section, the Trustees shall pay so much of the net income from the remaining Trust Estate as the Trustees shall determine in convenient installments to the Creator, Jane M. Dravo, for and during the full term of her natural life. So much of the net income as is not paid to the Creator shall be accumulated and added to the principal of the Trust."

A trustee ad litem representing unborn and unascertained interests was appointed by the court. He was present at the hearings and has filed his report. The trustee ad litem contends that the net income which has accrued to the trust since December 28, 1950, the date of the assignment, should be decreed back to the trustees to be held as principal for the benefit of the remaindermen of the trust. Elizabeth Dravo Harlow, daughter of settlor, contends that said income should be distributed to her under the assignment.

The law is well settled that a spendthrift clause will not prevent a settlor from releasing his interest under an inter vivos trust. A grantor cannot benefit by a spendthrift clause in a trust under which he is a beneficiary. Its inclusion will not render the trust invalid but as to grantor it is ineffectual: Murphey et al. v. C. I. T. Corporation, 347 Pa. 591, 594. See also Bowers' Trust Estate, 346 Pa. 85, 89, where it is held:

". . . As far as the spendthrift provision of the deed is concerned, it never served any effective purpose because the settlor could not create a valid spendthrift trust in her property for her own use as against her creditors, and the property is subject to her debts and contracts as fully as if no spendthrift provision existed."

See also Kraft Trust, 99 Pitts. L. J. 267, 1 Fid. Rep. 337; Allderdice Estate, 99 Pitts. L. J. 270, 1 Fid. Rep. 344. Since Mackason's Appeal, 42 Pa. 330, it has been the settled law of Pennsylvania that it is against public policy for a person to retain beneficial ownership of property and yet place it beyond the reach of his creditors: Mogridge's Estate, 342 Pa. 308, 311. Since the spendthrift clause is inoperative with respect to settlor, he can also release or assign in favor of persons other than creditors: Byrnes v. Commissioner of Internal Revenue, 110 F. (2d) 294, 295; Scott on Trusts, sec. 156; A. L. I. Restatement of Law of Trusts, §156, Comment (a).

In the case at bar settlor is assigning her interest but the trust remains intact as regards the other provisions and there is no acceleration of the remainders. Were this a trust to pay the "net income" to the assignee for the lifetime of the donor it would raise no problem because it is clear that a beneficiary of a trust, if he is not under a legal incapacity, can transfer his interest under a trust unless it has been expressly made inalienable or its character is such that it cannot be transferred: Scott on Trusts, sec. 132; A. L. I. Restatement of the Law of Trusts, §132. However, the interest which the donor has assigned reads as follows:

". . . The Trustees shall pay *so much of the net income* from the remaining Trust Estate as the Trustees shall determine in convenient installments to the Creator, Jane M. Dravo, for and during the full term of her natural life. *So much of the net income as is not*

*paid to the Creator shall be accumulated and added to the principal of the Trust.*" (Italics supplied.)

Under the Act of April 18, 1853, P. L. 503, 20 PS §3251 (the pertinent provisions of the 1931 amending act are the same), the accumulations directed during grantor's life estate would be legal. Although an assignee stands in the same position as the assignor, the rule against accumulations applies to a violation by indirection as well as where it is expressly ordered. However, the act reads that income may not be wholly or partially accumulated ". . . for any longer term than the life or lives of any such grantor or grantors, settler or settlers, or testator, and the term of twenty-one years from the death of any such grantor, settler, or testator, that is to say, only after such decease during the minority or respective minorities . . ." of the beneficiaries. Here the direction permitting accumulation will not last longer than the life of grantor and, therefore, does not violate the rule even indirectly. There is no express direction preventing alienation, except the spendthrift clause, which is ineffective as to grantor. The interest of grantor is not inalienable by nature. Grantor is not under any incapacity. It follows that there can be no valid legal objection to the assignment. The trust, however, remains a discretionary one and the assignee cannot compel payment of the income to her: Scott on Trusts, sec. 155.1; A. L. I. Restatement of the Law of Trusts, §155(1). ✓

All that is assigned by Jane M. Dravo to her daughter in the assignment of December 28, 1950, is ". . . all my rights to income, if any . . .". The assignee's rights to receive the income are the same as the assignor's and are subject to the same conditions. The discretion of the trustees remains the same as it was before the assignment. The rights of the assignee rise no higher than those of the assignor prior to the

assignment. There is no impingement upon the rights of remaindermen.

The auditing judge concludes: (1) That the instrument executed December 28, 1950, by Jane M. Dravo is a valid assignment of her income rights to her daughter, Elizabeth Dravo Harlow; (2) that the net income which the trustees, in the exercise of their discretion, would pay to Jane M. Dravo pursuant to article second, sec. 3, of the deed of trust, but for the above assignment, is payable to Elizabeth Dravo Harlow after the date of the assignment.

The balance of net income shown by the sixth account of the trustees now on audit will be distributed to Elizabeth Dravo Harlow. The principal of the trust will be awarded to the trustees for further administration.

A decree will be entered in accordance with this opinion.