Morton *v.* Morton (et al., Appellant).

Argued November 17, 1958. Before JONES, C. J., BELL, MUSMANNO, JONES and COHEN, JJ.

*Philip R. Hepburn,* with him *Norris, Lex, Hart & Ross,* for appellant.

*S. Gordon Elkins,* with him *Stradley, Ronon, Stevens & Young,* for appellees.

OPINION BY MR. JUSTICE COHEN, January 5, 1959:

By this appeal we are asked to reverse the determination of the lower court that the wife and other creditors of a settlor-beneficiary of a trust may attach the principal and income of the trust he established.

The defendant, Lewis Peter Morton, in May 1951, executed an indenture which established a trust that contained the following pertinent provisions:

"FIRST: To pay the net income therefrom, quarterly as received, to the Settlor during his life.

"FIFTH: All principal and income payable to any beneficiary hereunder shall be free and clear of his or her debts, contracts, engagements, alienations and anticipations, and from levy, attachment, execution and any processes, legal or equitable.

"ELEVENTH: During Settlor's lifetime Trustees may, in their sole and absolute discretion, at any time or times, apply from the principal of the trust such sum or sums as they shall consider necessary or advisable for the Settlor's maintenance and emergencies and if, at any time or times, in the sole opinion of Trustees, a favorable business opportunity requiring investment of capital shall be available to the Settlor, Trustees may, in their sole and absolute discretion, invest a portion or portions of the principal of the trust not exceeding in value one-fourth ($\frac{1}{4}$) of the value of the original assets of the trust plus one-fourth ($\frac{1}{4}$) of the value of any subsequent additions thereto, in any manner which shall seem advisable to them, either in their names as Trustees hereunder or in the name of Settlor, absolutely and in fee simple.

"FOURTEENTH: Settlor reserves the right to change the interests of the beneficiaries as among themselves, to add other beneficiaries and to substitute other beneficiaries for those named herein, by his own act and

without the consent of any Trustee or beneficiary, by writing delivered to the corporate Trustee or by will, but Settlor may amend other provisions hereof only with the written approval of the Trustees and he shall have no right to encroach upon or invade the principal of the trust, which shall be irrevocable."

The Central-Penn National Bank, garnishee-appellant, now maintains that the spendthrift provisions of the trust requires that the income be immune by attachment of all creditors except the defendant's wife for her maintenance and support, and that since others than the settlor or his estate are designated as remainder beneficiaries (even though he reserved the right to change the beneficiaries) and since he may not encroach upon or invade the principal of the irrevocable trust, the principal is immune from attachment by his creditors. The appellant concedes that the spendthrift clause of the trust is ineffective against the claims of the wife of the cestui que trust for maintenance and support to the extent of the husband's interest in the trust. That is so even though the trust were created by one other than the cestui que. It has long been our public policy that the spendthrift provisions of a trust cannot defeat the claims of the wife of a beneficiary for maintenance and support. *Moorehead's Estate,* 289 Pa. 542, 137 Atl. 802 (1927) ; *Stewart's Estate,* 334 Pa. 356, 5 A. 2d 910 (1939). The rule is extended further where the settlor is the beneficiary of his own created trust. In that event, the spendthrift clause does not preclude *any* creditor from reaching the interest of the settlor-beneficiary. *Mogridge's Estate,* 342 Pa. 308, 20 A. 2d 307 (1941) ; Restatement, Trusts §156, comment (c) ; 2 Scott, Trusts §156 (2d ed. 1956).

Thus, this being an indenture of trust created by the settlor-beneficiary which by the first paragraph reserved all the income to the settlor-beneficiary for his

life, the income is subject to the debts and contracts of the settlor as fully as if no spendthrift provisions existed.

Our conclusions in respect to the susceptibility of the principal to the claims of creditors are similar to our conclusions as to income. The reasoning is best documented by quoting from the opinion of Judge (now Justice) BOK, then of the court below: "Plaintiffs argue that defendant's right to specify who shall be the beneficiaries of the trust upon his death, when combined with his right to receive the income from the trust during his life, operates to give defendant a fee interest in the trust thereby making the principal attachable for his debts. There is ample authority for this proposition: Benedict v. Benedict, 261 Pa. 117 (1918); Nolan v. Nolan, 218 Pa. 135 (1907); see Mogridge's Estate, supra.

"Garnishee contends that the above cases are inapplicable by reason of the provision in Paragraph 14 of the trust deed that the defendant 'shall have no right to encroach upon or invade the principal of the trust which shall be irrevocable.' Garnishee interprets this clause as prohibiting defendant from making his estate the beneficiary of the trust. Assuming this interpretation to be correct, as a limitation on defendant's power to control the disposition of the trust res such a restriction is insignificant. Defendant retained the right to give the principal of the trust to anyone whom he wished to name, including those who would be the beneficiaries of his estate. The rights of creditors cannot be circumscribed by such indirection. As was said in Rienzi v. Goodin, 249 Pa. 546, 552 (1915): '. . . It is against public policy to permit the defendant, under cover of a trust in which she reserves to herself the benefits of the property during life and the disposition of it after death, to enjoy all the benefits of ownership

and share none of the burdens, while at the same time the property is beyond the reach of creditors.'

"Egbert v. deSolms, 218 Pa. 207 (1907), cited by garnishee is inapposite. There the settlors, husband and wife, created a trust, reserving to themselves the income for life, with remainder to their children, or to the issue of a deceased child. They retained the right to determine by will the proportions in which the various children would take. However, they could not appoint anyone but their children as beneficiaries, and, as there were children living at the time of the creation of the trust, the children as a class had a vested remainder. There is no similar vested remainder in this case. See Rienzi v. Goodin, supra.

"While defendant may be bound by the provision that the trust is irrevocable, see Rehr v. Fidelity-Philadelphia Trust Company, 310 Pa. 301 (1933), his creditors are not. Benedict v. Benedict, supra; Nolan v. Nolan, supra. Plaintiffs therefore are entitled to satisfy their claims out of both the principal and income of the trust."

Judgment affirmed.

Mr. Justice BOK took no part in the consideration or decision of this case.