## Minnich's Estate.

*Trusts and trustees—Spendthrift trust—Active trust.*

A gift of an estate to a trustee to invest the same in real estate or otherwise, and if in real estate to permit the son of the testatrix to occupy it, and to pay taxes and repairs if the son fails to do so, and with the express direction that the income was " not to be in anywise liable for any debts owing by my said son, nor for any debts that may be hereafter contracted by him," is a valid spendthrift trust to be held by the trustee, although there was no devise over of the corpus of the estate after the son's death.

206    405
e211    304

206    405
e 29 SC    34

206    405
f 31 SC 154

Argued May 18, 1903. Appeal, No. 282, Jan. T., 1902, by Jacob O. Minnich, from decree of O. C. Lancaster Co., May T., 1902, No. 25, dismissing exceptions to adjudication in estate of Anna Minnich, deceased. Before MITCHELL, DEAN, FELL, BROWN and POTTER, JJ. Affirmed.

Exceptions to adjudication. Before SMITH, P. J.

At the audit Jacob O. Minnich claimed his share of his mother's estate divested of any trust. The material portion of the will of the testatrix was as follows:

" The part or share coming to my son Jacob O. Minnich, I give and bequeath to my brother Abraham B. Oberholtzer, of Lebanon County, Pa., in trust for the use and benefit of my said son Jacob O. Minnich, said trustee to invest the funds at interest at his discretion, either in real estate or otherwise and

pay to my said son the interest thereof as often as it may accrue, and if invested in real estate to give him the income or occupation of same, providing he pays all taxes upon it and keeps the same in reasonable repair from time to time during the term of his life, and in case of neglect said trustee shall pay the taxes and make the necessary repairs, and deduct from his annual income the amount so expended, and pay annually to him the balance; and if invested at interest, said trustee shall pay the annual state tax on the same, and deduct it from the income, and the same is not to be in anywise liable for any debts owing by my said son, nor for any debts that may be hereafter contracted by him."

The court awarded the fund to the trustee.

Exceptions to the adjudication were dismissed by the court.

*Error assigned* was in dismissing exceptions to auditor's report.

*I. C. Arnold*, with him *J. H. Light*, for appellant.

*O. P. Bricker*, for appellee.

PER CURIAM, June 2, 1903:

The testatrix, it is true, as appellant claims, left him the entire net income of his share of her estate, without any devise over of the corpus after his death. But she put it in the hands of a trustee with active duties to perform in the payment of taxes and repairs if the devisee failed to do so, and with the express direction that "the same is not to be in anywise liable for any debts owing by my said son, nor for any debts that may be hereafter contracted by him." This was a valid spendthrift trust which could not be allowed to be defeated by handing over the corpus of the estate to the control of the cestui que trust.

Decree affirmed at costs of appellant.