# Fry, Appellant, *v.* Mercantile Trust Company of Pittsburg.

*Trusts and trustees—Active trust—Separate use trust—Married women—Revocation.*

Where a married woman during coverture executes with her husband a voluntary deed of trust of her property to a trustee, without power of revocation, reserving income for her support during life, without liabilily for her own or her husband's debts with remainder to her heirs, but with power to dispose by will, and it appears that there was no fraud, coercion or concealment to procure her signature, the deed of trust cannot be revoked during the coverture of the settlor.

Argued Nov. 6, 1903.    Appeal, No. 166, Oct. T., 1903, by plaintiff, from decree of C. P. No. 1, Allegheny Co., June T., 1903, No. 519, dismissing bill in equity in case of Irene S. Fry et al. v. The Mercantile Trust Company of Pittsburg.  Before MITCHELL, C. J., FELL, BROWN and MESTREZAT, JJ. Affirmed.

Bill in equity to revoke a deed of trust.

BROWN, J., filed the following opinion:

This proceeding arises upon bill in equity by Irene S. Fry and Craig H. Fry, her husband, against the Mercantile Trust Company of Pittsburg, trustee, praying (*a*) a revocation of the trust created by the trust deed referred to in the findings of fact, and (*b*) a reconveyance of the trust property.

## FINDINGS OF FACT.

1. Irene S. Fry, as the owner of real and personal estate, conveyed the same (her husband joining in the conveyance) to the Mercantile Trust Company of Pittsburg, by deed dated July 16, 1897, and recorded in the recorder's office of Allegheny county, in deed book 963, page 540.

2. Said conveyance (as therein expressed) was upon the following trust:

" To have, hold, receive and take the same to it, the Mercantile Trust Company, and its successors in the trust, in trust for the uses, purposes and objects following, and none other,

that is to say: That it, the said the Mercantile Trust Company, will collect all the outstanding credits due to the said Irene S. Fry; sell all her personal property and effects, except such articles as it, the said trustee, may elect to reserve and retain for the use of the said Irene S. Fry; sell and convey the said real estate aforesaid in fee simple, or mortgage, rent or lease the same, collect and receive the rents, issues and profits thereof, pay and discharge all the just debts due and owing by the said Irene S. Fry; invest any moneys that may be realized as aforesaid and reinvest the same, and collect and receive the interest that may arise therefrom; and, further, that it, the said Mercantile Trust Company, shall and will apply all of the proceeds, increments and income of the estate hereby granted, to the comfortable support and maintenance of the said Irene S. Fry during her natural life, and so that no part of the estate hereby granted, shall at any time hereafter be subject in any manner whatsoever to the control, engagements, debts or liabilities of the said Irene S. Fry, or of her said husband, Craig H. Fry.

" And from and immediately after the death of her, the said Irene S. Fry, the said the Mercantile Trust Company, or its successor in the trust, shall, after converting all the estate herein conveyed into cash, and paying and discharging all the just debts and funeral expenses of the said Irene S. Fry, pay over and distribute the balance of the trust funds remaining in its hands, to and among the lawful heirs of the said Irene S. Fry, in such proportions as is provided by the laws of this Commonwealth for distribution of the personal property of intestates.

"Provided, however, that the said Irene S. Fry shall have and retain the right to dispose of the property herein conveyed, both real and personal, by her last will and testament, without any restrictions or limitations whatsoever."

3. The deed reserved no power of revocation.

4. By written instrument, duly signed and acknowledged by Fry and wife, dated March 2, 1903, they revoked said trust created by them by the deed of June 16, 1897.

5. Written notice of said revocation was served upon the trust company March 2, 1903.

6. Demand for the reconveyance of the trust property having been refused, this bill was filed.

7. The testimony shows that the trust deed was executed by Mr. and Mrs. Fry after she had read the same—executed in good faith for the clear and unmistakable trust purposes therein expressed. There was not a shadow of evidence that fraud or coercion induced its execution. Nor is there any evidence that from the execution and delivery of the trust deed in June, 1897, to the date of the revocation instrument of March 2, 1903, Mr. and Mrs. Fry, or either of them, ever questioned the meaning, force and active power of the trust.

### CONCLUSIONS OF LAW.

That the trust deed was deliberately executed by Mr. and Mrs. Fry, with ample time to consider the purposes in contemplation, and delivered by them to the trust company without solicitation upon its part, cannot for a moment be doubted. A solemn instrument thus created is not lightly to be set aside, but only on strong and convincing reasons—reasons that in this case are wholly absent.

The deed creates an active and a separate use trust. That it is an active trust is too clear to require the citation of authorities. That it is a separate use trust is ruled by Twining's Appeal, 97 Pa. 36. In the language of the opinion in that case, " To grant the prayer of the plaintiff would, necessarily, be upon a principle that the whole fund could be disposed of by agreement of the parties. That principle would enable the husband to influence the wife to destroy the trust created for her use. There is no difference in legal effect between this trust and one created by will or deed of a parent for use of a married daughter. If the beneficiary of the trust can defeat it by agreement while the reasons for its creation exist, it is worthless. The validity of trusts like this is too well settled to be overthrown, save by legislative power."

Until the death of her husband (Craig H. Fry) who joined in the execution of the trust deed, there can be no revocation of the trust. Whether, hereafter, upon his decease and her survivorship, it may be revoked, it is unnecessary to decide.

Let a decree nisi be entered dismissing plaintiff's bill with costs.

*Error assigned* was the decree of the court.

*W. A. Hudson*, with him *Joseph Howley*, for appellants.—
Mrs. Fry had the power to revoke the deed of trust: Bristor v.
Tasker, 135 Pa. 110; Dodson v. Ball, 60 Pa. 492; Yarnall's
App., 70 Pa. 335; Miskey's App., 107 Pa. 611; Rick's App.,
105 Pa. 528.

*Stephen Stone*, of *Stone & Stone*, for appellee, was not heard,
but in his printed brief said a married woman has not the
right to revoke at her pleasure a spendthrift trust deed, creating
an active trust made by her for her sole and separate use, with-
out any power of revocation contained in the deed: Twining's
App., 97 Pa. 36; Nace v. Boyer, 30 Pa. 99; Merriman v. Mun-
son, 134 Pa. 114; Wilson v. Anderson, 186 Pa. 531; Rynd v.
Baker, 193 Pa. 486; Potter v. Fidelity Ins. Trust & Safe Dep.
Co., 199 Pa. 360; Kraft v. Neuffer, 202 Pa. 558.

PER CURIAM, January 4, 1904:
The decree is affirmed on the conclusions of law of the learned
judge below.