# Kutz *v.* Nolan, Appellant.

*Trusts and trustees—Irrevocable deed of trust—Attempt to defeat trust—Judgments—Execution—Premature attachment—Execution.*

Where a cestui que trust in an irrevocable deed of trust gives a judgment note as security for a loan, and the person making the loan knowing that it is a mere device to defeat the trust enters up the judgment and issues execution the day before the maturity of the note, the issuance of the attachment execution against the trustee is premature, and is such an irregularity as cannot be waived by the acquiescence of the defendant in the judgment. In such a case the trustee must act in good faith to the cestui que trust, and by using the information in his possession contest every inch of ground to prevent a recovery by the attaching creditor. If he fails to do so he will be liable in damages.

Argued March 1, 1909. Appeal, No. 334, Jan. T., 1908, by defendant, from order of C. P. Berks Co., Aug. T., 1908, No. 133, making absolute rule for judgment against garnishee on answer in case of Ira G. Kutz v. Maria L. Nolan and The Reading Trust Company, Garnishee. Before FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Reversed.

Rule for judgment against garnishee. Before ENDLICH, J. The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order making absolute rule for judgment.

*Isaac Hiester,* for appellant.—An irrevocable voluntary spendthrift deed of trust cannot be revoked by a collusive judgment and attachment execution confessed and issued with that intent, whether the amount for which the judgment was given was advanced by the plaintiff or not: Ashhurst's App., 77 Pa. 464; Nolan v. Nolan, 218 Pa. 135; Patrick v. Bingaman, 2 Pa. Superior Ct. 113; Zerbe v. Miller, 16 Pa. 488; Covanhovan v. Hart, 21 Pa. 495; Renninger v. Spatz, 128 Pa. 524; Bunn v. Ahl, 29 Pa. 387; Fidelity Trust Co. v. New York Finance Co., 12 Pa. Dist. Rep. 684.

Where the garnishee objects and the record shows that the attachment execution was based on a debt not due, the plaintiff is not entitled to judgment: Stoner v. Com., 16 Pa. 387; Schempp v. Fry, 165 Pa. 510; Scottish Rite, etc., Aid Assn. v. Trust Co., 195 Pa. 45; Skidmore v. Bradford, 4 Pa. 296; Baldy v. Brady 15 Pa. 103; Bank of Northern Liberties v. Munford, 3 Grant, 232; Wheeler Bros. v. Phillips, 140 Pa. 33.

*Joseph R. Dickinson*, with him *Ira G. Kutz*, for appellee, cited: Bank of Northern Liberties v. Munford, 3 Grant, 232; Mead v. Conroe, 113 Pa. 220; Sloan v. Johnson, 20 Pa. Superior Ct. 643; Morrison v. Baker, 9 Pa. Superior Ct. 637.

Opinion by Mr. Justice Mestrezat, March 29, 1909:

Apparently recognizing the strength of man's spendthrift nature and his weakness in resisting his inclination to dissipate his material wealth, this court, more than three-quarters of a century ago, held that he might legally protect himself from his own improvidence by a declaration of trust. Every day's experience confirms the wisdom as well as the necessity of this ruling which has been uniformly adhered to until the present time. Our law favors such a provision for the protection of estates, and has constructed no Appian Way strewn with roses over which the cestui que trust and a confederate may travel in defeating it.

Maria Louisa Nolan, whose estate is the subject of this contest, executed an irrevocable deed of trust in 1904 "for the purpose," as she declares therein, "of preserving the property and estate of the said Maria Louisa Nolan for her proper support and maintenance." The trustee was The Reading Trust Company, the duration of the trust was ten years, and the duties of the trustee were to retain the securities, and collect the dividends, interest and profits accruing thereon; and, after deducting therefrom the costs incident to the execution of the trust, to apply all of the proceeds in monthly installments, to the support and maintenance of the cestui que trust. The estate was not to be subject in any manner to the control, engagements, debts or liabilities of the cestui que trust.

She was authorized during the continuance of the trust to dispose of the estate by will, or if she died intestate during that time, the estate was to vest in the parties entitled under the intestate laws of this state. This trust was valid and enforceable against every person except a bona fide creditor of the cestui que trust.

At the time of the execution of the deed, it appears that Miss Nolan was young in years but of mature mind and capable of fully comprehending the effect of her action. It is not alleged that the deed was not voluntary or was procured by fraud, imposition or duress. In less than five months after its execution, however, she apparently changed her views as to the propriety and necessity of "preserving the property and estate" which she had placed in trust, and made a demand of the trustee that it redeliver a portion of the estate to her. The trust being in terms irrevocable, the trustee, conscious of its duty in the premises, declined to accede to the wishes of the cestui que trust, and continued to retain possession of the estate and to exercise its duties in conformity with the trust deed. The next attempt by the discontented cestui que trust to defeat the trust was made in 1907, when she gave a note authorizing the entry of a judgment for $1,000, payable in one day after date to her brother who was without property or means. The judgment was entered about two months after the note was given, and an attachment execution was issued thereon and the Reading Trust Company, the trustee, was made garnishee. The answer of the garnishee averred that the proceeding was a collusive attempt to defeat the trust, and the court refused judgment against the garnishee as to the corpus of the estate and sent the case to a jury.

The next attack on the trust by the cestui que trust was the present proceeding. On July 23, 1908, she gave a judgment note for $2,000 payable one day after date to Ira G. Kutz, the plaintiff, a member of the Reading bar and presumably competent to ascertain prior to making the loan the source from which the note must be paid. Manifestly the motive inducing the payee to make the loan was not to procure an investment or the interest which would accrue thereon.

Neither could the loan have been prompted by a desire on the part of the creditor to secure the attorney's commissions for collection, because their recovery is simply to reimburse the plaintiff for what he was compelled to pay his attorney: McAllister's Appeal, 59 Pa. 204. Mr. Kutz entered judgment the day after the note was given and before its maturity, and issued thereon an attachment execution in which The Reading Trust Company was made garnishee. Upon the facts set up in its answer the garnishee alleged that the proceeding was collusive and instituted with an intent to defeat the trust; also, that the attachment was prematurely issued. The court below held that the answer did not show facts disclosing collusion, apparently thinking that if the plaintiff gave a consideration his intention in taking the note, though to defeat the trust, was immaterial. We need not and do not now rule this question, as it is unnecessary in view of the fact that judgment should have been refused because of the premature issuance of the attachment.

It is conceded that the attachment execution was issued before the maturity of the judgment; but the learned court below held that this was simply an irregularity and could be waived by the acquiescence of the defendant. In this there is reversible error. In this position, the court fails to discriminate between the rights and duties of an ordinary garnishee in an attachment execution and those of a garnishee who is a trustee under an irrevocable deed of trust. Even in the case of an ordinary garnishee, if he wishes to relieve himself of liability for the funds attached in his hands, he must act in good faith to the debtor, and by using the information in his possession, contest every inch of ground to prevent a recovery of judgment by the attaching creditor: Scottish Rite., etc., Aid Assn. v. Union Trust Co., 195 Pa. 45. He must see that the proceedings are regular and that the judgment against him has been regularly and duly obtained.

A garnishee who is a trustee under a valid deed of trust is not a mere stakeholder, nor simply a debtor or one who has in his possession the property of the defendant. He has

possession of the property by virtue of his legal title thereto. He is charged with active duties with regard to it and is responsible not only to the defendant, but to the other beneficiaries named in the deed of trust. It is, therefore, incumbent upon him to preserve and protect the property for all the beneficiaries, and to administer it strictly in compliance with the terms of the trust. Failing to perform this duty he is liable for any injury sustained by any person beneficially interested. The cestui que trust cannot revoke the trust nor withdraw the estate from the hands of the trustee contrary to the provisions of his deed. A bona fide creditor of the cestui que trust, enforcing payment of a valid judgment, may subject the trust estate to the payment of his debt; but this he can only do by due process of law. If the trustee fail to compel the creditor to proceed in a regular and legal way to enforce his claim against the estate, he is liable to the interested parties who have been injured by his negligent conduct. The failure of the trustee in this respect subjects him to the same consequences as if he permit the estate to be dissipated or lost in any other illegal way or by any other illegal means. Nor will the consent or acquiescence of the cestui que trust or defendant in the judgment relieve the trustee from the performance of his duty to protect the trust estate against the irregular or illegal acts of an execution creditor. The cestui que trust in this case has no interest in or control over the trust estate, except to receive the income as provided in the deed, and the power of appointment by will. She is without authority to revoke the trust either directly or by consenting to an act which will indirectly defeat it. The issuing of the attachment before the maturity of the judgment was manifestly irregular and without authority of law, and the cestui que trust cannot waive such irregularity and thereby relieve the trustee from liability in failing to resist the attachment of the funds in his possession under the illegal process. There are other interests than those of the cestui que trust in the fund attached which are affected by enforcement of the attachment execution, and it is the duty of the trustee to protect those interests and

not permit them to suffer by reason of any action of the cestui que trust. The learned judge erred in holding that the premature issuance of the attachment execution was an irregularity which could be waived by the defendant.

. It may be, as suggested by the appellee, that the answer of the trustee does not sufficiently aver the facts upon which it relied to show collusion between the plaintiff and the defendant. It is not sufficient in an answer simply to demand an inquiry whether the judgment and execution are a collusive proceeding. The facts should be stated, and upon them the respondent should aver that he believes that the conduct of the parties is collusive. It is then the duty of the court without the request of the garnishee, if the facts averred be sufficient, to have the question of collusion determined by a jury. If this question of pleading should become important the answer of the defendant can be amended so as to meet the objection suggested by the appellee.

The judgment of the court below is reversed with a procedendo.