## Simonin's Estate.

*Wills—Construction—Creation of trust—Beneficiary sui juris—Intention—Active trust.*

Testator gave the residue of his estate to a trustee to pay the "net income in quarterly payments to my son......for and during the term of his natural life (subject to the discretion given the trustee) [to pay a certain sum from the corpus to the cestui que trust three years after the testator's death, which discretion the trustee exercised] which quarterly income payments shall be made to my said son personally and upon his sole receipt therefor, and at and after his decease, then to assign, transfer and pay over the.principal of the fund......as......my son......may appoint," and, in default of appointment, to such persons as would be entitled under the intestate laws. At the time of testator's death, the son, who was sui juris, was his only surviving child. The cestui que trust and the trustee applied to the court for the termination of the trust. *Held,* that it was the intention of the testator to create a trust for the life of his son, and, active duties requiring the exercise of discretion having been imposed upon the trustee, the trust must be sustained.

Argued Jan. 21, 1918. Appeal, No. 264, Jan. T., 1917, by Frederick Lovell Simonin, from decree of O. C. Philadelphia Co., Oct. T., 1911, No. 555, dismissing exceptions to adjudication in Estate of Charles F. Simonin, deceased. Before POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Appeal from adjudication. Before GUMMEY, J.

From the record it appeared that after making a specific bequest, testator provided: "And to pay all the rest, residue and remainder of the said net income in quarterly payments to my son, Frederick Lovell Simonin, for and during the period of his natural life (subject to the discretion hereinafter given the said Trustee, In Item Third thereof), which quarterly payments shall be made to my said son, personally and upon his sole receipt therefor, and at and after his decease, then to assign,

transfer and pay over the principal of the fund aforesaid, with any interest accrued thereupon and unpaid, as he, my son, Frederick Lovell Simonin, may by Will appoint, and in default of any appointment, as aforesaid, then to assign, transfer and pay over the principal of the fund aforesaid, with any interest accrued thereon, to such person or persons for such estates and in such shares as by the laws of the State of Pennsylvania would be entitled to the same, if I, Charles F. Simonin, the testator herein, had died intestate seized and possessed thereof."

At the time of testator's death, he left to survive him no other child than his son,Frederick Lovell Simonin and no issue of a deceased child and the testator's wife predeceased him, so that, in the event of the death of Charles Lovell Simonin without having exercised the power of appointment given him by the will, the trust estate would be distributable to the administrator of Frederick Lovell Simonin's estate. Simonin was twenty-six or twenty-seven years of age, was married and was solvent and capable of managing his financial affairs, and a trust was not necessary for his protection.

LAMORELLE, J., filed the following opinion, dismissing exceptions to the adjudication sustaining the trust:

If we are to uphold the doctrine enunciated in Knight's Est., 235 Pa. 149, we must sustain the auditing judge in decreeing that the trust continues, and the exceptions to his adjudication must accordingly be dismissed. Knight's Est., 235 Pa. 149, testatrix divided her estate into three parts, one of which she directed her executors to hold in trust for her daughter, Harriet W., paying her the income thereof for the term of her natural life, freed from the obligations and control of her husband. The daughter was given a power of appointment by will, both as to income and principal. She was at the time of the making of the will and at the time of her mother's death neither married nor contemplating marriage with any particular person. There was no limitation over. As testatrix was survived by three children

and no issue of deceased child or children, these children were her next of kin, and in event that the daughter, Harriet, failed to exercise the power of appointment she necessarily succeeded to one-third of the estate thus directed to be held in trust for her.

At the audit of the executors' account Harriet W. Knight asked that her share be awarded to her absolutely. Said the auditing judge:

"We do not agree that the only duty to be performed by the trustee is the perfunctory one of receiving the income and paying it over; the power to invest and reinvest the principal is implied: Stambaugh's Est., 135 Pa. 585; neither is it necessary that there should be a limitation over: Spring's Est., 216 Pa. 529; and as it was clearly the intention of the testatrix that the shares of the daughter and son should be held in trust, and it has not been shown that the trust which she intended to create is in violation of an inflexible rule of law or statutory restrictions, it must be upheld."

In dismissing exceptions the court said:

"The payment of the income to the cestuis que trustent is to be made annually, thus involving active duties on the part of the trustee both in collecting and preserving the income until the time for its annual distribution and the payment of charges and expenses that might arise in the interval. See Hemphill's Est., 180 Pa. 95; Price's Est., 17 Dist. R. 534." See Knight's Est., 20 Dist. R. 788 (at page 791).

In dismissing the appeal and affirming the decree of this court, the Supreme Court, in a per curiam opinion, said:

"As this intention of the testatrix to create a trust and guard her bounty for her children with the protection of a trustee is so clear, the validity of the trust is not affected because there is no limitation over: Spring's Est., 216 Pa. 529." See Knight's Est., 235 Pa. 149, at page 150.

In the case now before us testator bequeathed and de-

vised all of his property to his brother in trust, "to invest and keep invested in a safe manner and form, and to collect, receive, use and pay over the income derived therefrom (less taxes and other necessary expenses) for the uses and purposes following, that is to say": to pay a sister $5 per week for life and to pay the rest of the net income in quarterly payments to a son, Frederick L., for and during the period of his natural life. Each of the quarterly payments was to be made to the son personally and upon his sole receipt therefor, and after his death to transfer and pay over the principal and accumulated interest as the son might by will appoint, and in default of appointment to pay the principal to such persons and for such uses as they would be entitled to had testator died intestate seized and possessed of his property.

Here the income was to be paid at stated periods and only upon the son's receipt therefor. There was a power of appointment similar to that in Knight's Est., and on failure to exercise this power the son succeeded to the entire estate, as he was the next of kin. In Knight's Est. the daughter succeeded to but one-third, but the principal is the same and the amount or proportion can be a matter of no moment.

It is earnestly contended, in that the trustee is given authority to pay a certain part of the principal to the son and also to purchase for him, if he so desired, an interest in the business carried on by testator at the time of his deceased, that an intention is evinced to terminate the trust. This argument works both ways. It may be said that as to the sum to be paid over direct to the son, that is freed of trust, and it may be admitted that if the interest in the firm is bought the trust terminates, but the very fact that testator so provided would negative the thought and purpose that the trust could be ended in any other way, or, what is more improbable, that no trust exists at all.

Active duties were imposed upon the trustee and dis-

cretionary rights were given him.   The auditing judge upheld the trust.   In this we find no error.

The court dismissed exceptions to the adjudication.

Frederick Lovell Simonin appealed.

*Errors assigned,* among others, were in refusing to declare the trust terminated and in dismissing exceptions to the adjudication.

*Alfred N. Keim,* with him *Clarence H. Reed* and *Carroll R. Williams,* for appellant.

*Ira Jewell Williams,* for appellee, was not heard.

PER CURIAM, February 25, 1918:

We agree with the court below, in this case, that it was clearly the intention of the testator to create a trust for the life of his son; and that active duties, requiring the exercise of discretion, were imposed upon the trustee.

The decree is affirmed.