## Donnan's Trust Estate.

Argued March 25, 1940.   Before SCHAFFER, C. J.,
MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*George I. Bloom,* of *Bloom & Bloom,* for appellants.

*William G. Heiner,* with him *John R. McCreight, John
H. Davidson* and *H. Gilmore Schmidt,* for appellees.

OPINION BY MR. JUSTICE LINN, May 6, 1940:
This appeal depends on the meaning of a deed of trust
made in 1911 by John W. Donnan.  He gave certain
personal property to his three sons, John, Sydney and

Alvan, in trust to invest, etc., and to pay the income to his four children for life, and on the death of any child, for the support of that child's family, etc.;[1] he provided that the trust should terminate 20 years after the death of the last survivor of his children with distribution of the corpus among his "heirs . . . in such proportions as they will be entitled to the same under the Intestate Laws of Pennsylvania." The deed contained no power of revocation or amendment. The ap-

---

[1] "Upon the death of any of the above named children of Donor leaving a widow or husband, and child or children surviving, the share of the deceased parent in the interest and income aforesaid shall be applied by the said Trustee to the support and maintenance of the family of such deceased child of Donor. Should any of the above-named children of the Donor die without leaving lawful issue, but leaving a wife or husband surviving, then the Trustees shall pay to such surviving widow or husband during the term of her or his natural life, or until re-marriage, the sum of Twelve hundred (1,200) Dollars per annum, provided such sum does not exceed that part of the net income on the securities at that time held by the Trustees under the terms hereof as such deceased husband or wife would have taken if living; and the remainder of the net income, if any, on the share of such deceased child of Donor, shall be invested by the Trustees and become a part of the corpus of the said trust fund and subject to all the provisions hereof. And should said Twelve hundred Dollars per annum exceed that part of the net income which would have been payable to such deceased husband or wife, then only that part of the net income on the securities held under the terms hereof shall be paid to such surviving widow or husband as such deceased husband or wife would have taken if living. In the event of any of the said children of the Donor dying without issue, and not leaving husband or wife surviving, then the share of such child or children in the net income aforesaid shall be invested by the Trustees in good and safe stocks, bonds and mortgages and become a part of the corpus of the said trust fund.

"Twenty years after the death of the survivor of the sons and daughter of the Donor, hereinabove named, the then Trustee shall distribute all of the securities held under the terms hereof among such of the heirs of the Donor and in such proportions as they will be entitled to the same under the Intestate Laws of Pennsylvania."

pellants are the minor children of the Donor's son Alvan. The contingency on which they were to share in the income happened when their father died in 1935.

An attempt was made to change[2] and supplement the terms of the deed of trust by another deed dated February 27, 1918, in which the Donor is designated "party of the first part" and his three sons, trustees, "parties of the second part." This deed was executed by the Donor and by only two of his sons, John and Alvan. It is said that by a subsequent paper signed by the other son, Sydney, and by his wife, they also became bound by its terms. The deed of 1911 was materially changed by including in the deed of 1918 the provision: "(f) At any time after the expiration of five years from the date hereof, my then surviving children, may, by unanimous agreement in writing, elect to terminate the trust hereby created and to have the corpus of the trust fund distributed. In which case it shall be distributed in equal shares, per stirpes, among my then surviving children and the issue, if any, then surviving, of any deceased child or children.

"(g) At the death of my last surviving child—should distribution not have been made previously under clause 'f', the corpus of the trust estate and any undistributed income, shall go to, and be distributed among the then surviving issue of my children, per stirpes."

The Donor died in 1928 and his sons John and Alvan in 1935. It would appear from what is said in the record that Sydney and Alvan were regarded, by some parties, as having received, prior to 1935, their respective shares of the corpus of the trust. There is in evidence a paper dated October 27, 1937, entitled "Articles of Agreement Electing to Terminate Trust." At that time only two of the Donor's four children were living, the

---

[2] "And whereas, the Donor and Trustees are desirous of continuing the trust created by the said agreement dated August 24, 1911, except as the same is amended and changed by the terms hereof; . . ."

son Sydney and the daughter Mrs. Whitworth, but the son John's widow and two children and the son Alvan's widow and four minor children also were living and interested in the trust property which was the subject of the deed of 1911. The election to terminate the trust was signed by Sydney B. Donnan "As a Surviving Child, but Without Interest," by the surviving daughter Mrs. Whitworth, and by John D. Donnan and the guardian of Anica Barlow Donnan, two children of the Donor's deceased son John. It recites that the amendment of 1918 authorizes termination of the trust by the agreement of the surviving children; that Mrs. Whitworth and Sydney B. Donnan were the survivors and desired the trust terminated and that "the Trustee is requested to file a statement or account showing the assets of the said trust in his possession as of October 27, 1937, available for final distribution."

Accordingly, there was filed by Sydney, the surviving trustee, a statement of the assets composing the corpus; it began as follows: "Pursuant to Articles of Agreement Electing to Terminate Trust dated the 27th day of October, 1937, Sydney B. Donnan, Sole Surviving Trustee, charges himself with the following assets, on hand for distribution: . . ."

On behalf of the widow and children of the Donor's son Alvan, exceptions to this statement were filed, complaining that the trustee had not accounted to them for income distributable after Alvan's death; that the statement filed was not, in fact, an account but merely an inventory of assets; they asked[3] that a proper account

---

[3] "10. Your exceptants therefore pray:

"(a). That the sole surviving trustee, Sydney B. Donnan, be required to file an account setting forth the assets of the said trust as of January 7, 1935, with all income received thereon from the said date down to the present time, and all disbursements or distribution made from the said January 7, 1935 to the present time.

"(b). That no termination of the aforesaid trust can be made so far as appears from the paper filed at No. 16, February Term, 1937."

be filed. These exceptions were dismissed with the result, as we understand the proceeding, that the widow and children of Alvan would receive nothing.

Under the deed of 1911, which the Donor could not revoke or amend without the assent of all parties interested in it, Alvan's wife and children had contingent interests, which vested on the happening of the contingency, the death of Alvan. The exceptants were therefore entitled to an account of the administration of the trust under the deed of 1911; apparently no such account has ever been filed.

Appellees contend that the wife and children have no claim on the theory that Alvan in his lifetime received his share and that the trust has been terminated pursuant to the amendment of 1918. We must therefore consider the effect, on appellants, of the amendments of 1918. If the provision created in 1918, for the termination of the trust by the consent of the surviving children, was ineffective as to appellants, their rights under the trust deed of 1911 were not impaired. The mere omission from that deed of a power to revoke would not ordinarily[4] prevent a termination by the agreement of all possible interests in the trust. The general rule has been stated to be that "although the trust may not have ceased by expiration of time . . . yet, if all the parties who are or who may be interested in the trust property are in existence and are sui juris, and if they all consent and agree thereto, courts of equity may decree the termination of the trust."[5] If, then, a case is presented in which the court would decree the termination of a trust, all parties may agree to do so. But, as was said in *Johnson v. Provident Tr. Co. of Phila.*, 280 Pa. 255, 259, 124 A. 436, "The requisite consent of 'all who are or may be interested,' can only mean

---

[4] As to the exception, see what was said in *Stafford's Estate*, 258 Pa. 595, at page 599, 102 A. 222.

[5] This rule is quoted, with supporting cases, in *Stafford's Estate*, 258 Pa. 595, at page 598, 102 A. 222.

that their combined interests must be equivalent to an absolute title which cannot be defeated or divested by the happening of any future event."[6]

The agreement of 1918 was executed only by the Donor and two of the trustees, though, for present purposes, we shall treat Sydney and his wife as also bound in consequence of the paper subsequently executed by them. The Donor's daughter, Mrs. Whitworth, who had a vested interest under the deed of 1911 was not originally bound by the agreement of 1918 because she did not execute it; as, however, she is not complaining and has in fact acted under the agreement since then, her assent, for present purposes, may be assumed. But the interest of Alvan's wife and children, though contingent during Alvan's lifetime, could not be extinguished by the mere agreement of the parties who assented to the change in 1918. Alvan's widow and minor children have vested interests in the trust property and, so far as now appears in the record, are entitled to an account.

The supplemental brief of appellees deals with a question which does not now arise: the effect of the provision in the deed of 1911 that on the termination of the trust twenty years after the death of the last survivor of the Donor's children, the trust property shall be distributed "among such of the heirs of the donor and in such proportions as they will be entitled to the same under the intestate Laws of Pennsylvania." We may therefore reserve discussion of that point, merely referring, for what it may be worth, to cases like *Brolasky's Estate,* 302 Pa. 439, at page 445, 153 A. 739; *Whittemore v. Equitable Trust Co.,* 250 N. Y. 298, 165 N. E. 454 (1929); Simes, Future Interests, section 144 et seq. and section 221.

---

[6] The subject is considered in *Stafford's Estate,* 258 Pa. 595, 102 A. 222; *Jones's Trust Estate,* 284 Pa. 90, 130 A. 314; *Rehr v. Fidelity-Phila. Tr. Co.,* 310 Pa. 301, 165 A. 380, and in cases referred to in those opinions. See also Restatement, Trusts, section 340, comments f and g, and section 342, comment g.

We also think that other questions discussed by appellants should be passed until after the account has been filed and the rights of the parties have been adjudicated by the learned court below.

The order appealed from is reversed and the record is remitted for further proceedings, costs to be paid out of the fund for distribution.