## Bowers' Trust Estate.

Argued December 2, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Edwin S. Heins,* of *Raspin, Espenshade & Heins,* for appellant.

*Eric A. McCouch,* with him *John G. Williams,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, January 4, 1943:

On May 23, 1919, Jennie May Bowers executed a deed of certain real estate and mortgages to The West Philadelphia Title and Trust Company in trust, the net rents and income to be paid to the settlor "for her sole and separate use, she being now in contemplation of marriage with George A. Beech, so that the same shall not be subject or liable to the debts, contracts or engagements of the said George A. Beech, nor of her own, and so that the same shall not be taken in execution, or attachment, or sequestration, or be subject to any conveyance, assignment or anticipation whatsoever; it being the intent of the donor herein to preserve the principal or corpus of the said trust estate for the benefit of her son, hereinafter named"; upon her death the net rents and income were to be paid to her son Richard Douglass Bowers, who was to receive part of the principal when he attained the age of twenty-five and the balance at thirty, and thereupon "the said trust shall immediately cease and forever terminate." There was a provision as to the disposition of the principal if her son should die before reaching the age of thirty, but it is unnecessary to recite it because Richard is now thirty-five and it is conceded by all parties that the remainder became vested in him at thirty.

On June 2, 1919, the settlor married George A. Beech, who is still living. The West Philadelphia Title & Trust Company in 1929 merged with Integrity Trust Company, which in 1940 was taken over for liquidation by the Sec-

retary of Banking, and Corn Exchange National Bank and Trust Company was appointed substituted trustee.

The trust estate has shrunk greatly in value since its creation; the income has been reduced from about $1,800 to less than $400 per annum. Desiring to help his mother, Richard, on November 24, 1941, assigned to her his remainder in the trust estate, so that no one now has any interest in the trust except the settlor herself. Accordingly, at the audit of the trustee's account in January, 1942, she filed a petition in the Orphans' Court praying that the trust be terminated and the assets awarded to her absolutely and in her own right. The court denied the petition and awarded the principal to the substituted trustee "for the uses and purposes of the continuing trust as declared in the deed of settlor."

While the trustee has its commissions at stake, this does not militate against the termination of the trust: *Stafford's Estate*, 258 Pa. 595, 599, 102 A. 222, 223; indeed, acting in the performance of its duty as trustee, it disclaims any mercenary motive in opposing the petition.

If all the parties who are or may be beneficially interested in a trust are in existence and sui juris, if there is no ultimate purpose of any kind requiring its continuance, and if all the beneficiaries consent, a court of equity will decree its termination;[1] of course, if there are contingent remaindermen not in existence or not ascertained, the trust cannot be terminated since it is then impossible to obtain the consent of all possible interests.[2] If the purpose of the settlor in establishing the trust has

---

[1] *Dodson v. Ball*, 60 Pa. 492; *Culbertson's Appeal*, 76 Pa. 145; *Packer's Estate* (No. 1), 246 Pa. 97, 92 A. 65; *Stafford's Estate*, 258 Pa. 595, 102 A. 222; *Wood's Estate*, 261 Pa. 480, 104 A. 673; *Donnan's Trust Estate*, 339 Pa. 43, 47, 13 A. 2d 55, 58.

[2] *King v. York Trust Co.*, 278 Pa. 141, 146, 122 A. 227, 229; *Johnson v. Provident Trust Co. of Philadelphia*, 280 Pa. 255, 124 A. 436; *Jones's Trust Estate*, 284 Pa. 90, 93, 130 A. 314, 315; *Gill's Estate*, 293 Pa. 199, 142 A. 207; *Donnan's Trust Estate*, 339 Pa. 43, 48, 13 A. 2d 55, 58.

not been fully accomplished, as, for example, where there is in existence a spendthrift trust, and *if the settlor is deceased* and therefore incapable of consenting, the trust cannot be terminated even though all the beneficiaries desire that it should be.[3]

·· The present case is one where *the settlor is living,* and the question is whether a spendthrift and separate-use trust which she has established for herself may be terminated if she also owns the remainder, if there are no interests of any kind in any other person, and if, as the sole party concerned, she not only consents to the termination but petitions the court to declare it. The Restatement of the Law of Trusts, proclaiming the rule on this subject that prevails in practically all jurisdictions, after declaring, in section 338, that "If the settlor and all of the beneficiaries of a trust consent and none of them is under an incapacity, they can compel the termination or modification of the trust, although the purposes of the trust have not been accomplished," further states, in section 339, that "If the settlor is the sole beneficiary of a trust and is not under an incapacity, he can compel the termination of the trust, although the purposes of the trust have not been accomplished." Unfortunately the law in our own state has not heretofore been in accord with these pronouncements,[4] due largely to the fact that our decisions have failed to give recognition to

---

[3] *Moore's Estate,* 198 Pa. 611, 48 A. 884; *Minnich's Estate,* 206 Pa. 405, 55 A. 1067; *Shower's Estate,* 211 Pa. 297, 305, 60 A. 789, 792; *Spring's Estate,* 216 Pa. 529, 66 A. 110; *Simonin's Estate,* 260 Pa. 395, 103 A. 927; *Moser's Estate,* 270 Pa. 217, 113 A. 199; *Baughman's Estate,* 281 Pa. 23, 38-40, 126 A. 58, 63, 64; *Harrison's Estate,* 322 Pa. 532, 185 A. 766.

[4] See *Ashhurst's Appeal,* 77 Pa. 464; *Twining's Appeal,* 97 Pa. 36; *Reidy v. Small,* 154 Pa. 505, 26 A. 602; *Neal v. Black,* 177 Pa. 83, 35 A. 561; *Fry v. Mercantile Trust Co. of Pittsburgh,* 207 Pa. 640, 57 A. 43; *Kutz v. Nolan,* 224 Pa. 262, 73 A. 555; *Rehr v. Fidelity-Philadelphia Trust Co.,* 310 Pa. 301, 165 A. 380; *Kauffman v. Hiestand,* 131 Pa. Superior Ct. 219, 200 A. 251.

the difference between a testamentary trust, where the settlor, being deceased, cannot, and of course does not, consent to the termination desired by the beneficiaries, and a situation in which the settlor of an inter vivos trust is living and joins with the beneficiaries in requesting that the trust be terminated. What valid reason exists in the latter instance for denying the request, especially if the settlor is also the sole beneficiary? Such a denial in effect prevents a person from doing as he pleases with his own property.[5]

In her deed of trust the settlor stated that it was her intent to preserve the corpus of the trust estate for the benefit of her son. The son having now conveyed to her his remainder interest, that intent has obviously been abandoned. As far as the spendthrift provision of the deed is concerned, it never served any effective purpose because the settlor could not create a valid spendthrift trust in her property for her own use as against her creditors, and the property is subject to her debts and contracts as fully as if no spendthrift provision existed.[6] The separate-use provision of the deed is also of no practical value because, since the passage of the married women's property acts, the property of a married woman is free, as a matter of law, from the debts and engagements of her husband. It is therefore clear that there is no purpose to be accomplished by the continuance of the

---

[5] The Pennsylvania cases have been criticized on this ground and also for the reason that a spendthrift trust, created in favor of the settlor for life, may, notwithstanding its enforced continuance, be circumvented by the settlor borrowing on the security of his life estate, which he can do because of the legal ineffectiveness of the spendthrift provision. 3 Scott on Trusts 1865, §339; Griswold on Spendthrift Trusts, 432-434, §498; 43 Yale L.J. 342-344; 46 Yale L.J. 1005, 1015; 39 Mich. L. Rev. 174-176.

[6] *Mackason's Appeal,* 42 Pa. 330; *Ghormley v. Smith,* 139 Pa. 584, 21 A. 135; *Nolan v. Nolan,* 218 Pa. 135, 67 A. 52; *Egbert v. de Solms,* 218 Pa. 207, 67 A. 212; *Rienzi v. Goodin,* 249 Pa. 546, 95 A. 259; *Benedict v. Benedict,* 261 Pa. 117, 104 A. 581; *Mogridge's Estate,* 342 Pa. 308, 20 A. 2d 307.

trust; indeed, since it is the settlor who is requesting its termination, this in itself indicates that either her purpose has been satisfied or, as far as.she, the sole owner of the property is concerned, it is no longer material. A refusal by the court to terminate the trust, so far from carrying out any object she may originally have had in view, actually prevents her, during her entire lifetime, from utilizing her own property for her support in the face of a shrinking income which is insufficient to provide for her even the bare necessities of life. Certainly the protection afforded her by a court of equity should be real, not ironical.

Decree reversed, and record remanded with direction to grant the prayer of the petition; costs to be paid out of the trust estate.