## Collins v. Provident Trust Company of Philadelphia

*S. Thomas Bulfamonte*, for plaintiff.
*Julian W. Barnard*, for defendant.

KNIGHT, P. J., September 18, 1952.—Dawson Rae Collins, settlor and first life beneficiary of a trust, files this petition under the Declaratory Judgments Act of June 18, 1923, P. L. 840, 12 PS §831, praying for a decree authorizing the termination of the trust.

Upon the petition and answer admitting the more pertinent allegations and the deed of trust there are made the following

## Findings of Fact

### I.

Various securities and property were awarded to plaintiff by the adjudication upon the account of Provident Trust Company of Philadelphia, trustees under the will of Frederic Collins, deceased, by the Orphans' Court of Philadelphia County, Pa., October term, 1893, no. 497, confirmed nisi on July 15, 1925.

### II.

On September 25, 1925, plaintiff executed a deed of trust whereby he transferred the securities and property awarded to him under the will of Frederic Collins to defendant trust company.

### III.

The trust instrument provided that defendant: (a) Should pay the net income to plaintiff settlor for his life; (b) should turn over the principal of the trust to such persons and upon such estates as plaintiff directed in his will; (c) should in default of such direction by last will and testament divide the net income into as many shares as there may be persons of the following classes living at the death of the Settlor; (a) a widow, (b) children and (c) issue of deceased children (being the grandchildren of said Settlor), such issue to stand in the place of and collectively represent their deceased parent or parents; and "upon decease of the widow

her share of income to be added to the shares paid to the other children.

## IV.

The instrument contains directions for payment of income to minor life beneficiaries for maintenance, education and support, directions in case there be a widow and no children or no widow and children, and directs that the trust will terminate 20 years after the death of the last survivor of the wife and children of the settlor living on the date of the deed and that the principal should be transferred "per stirpes by representation, unto the descendants of said Settlor who may be living at the expiration of twenty years after the decease of the last survivor of the persons above mentioned.

## V.

The trustee was given discretion to advance up to $10,000 to settlor, which advancement has been made.

## VI.

A spendthrift trust provision applicable both to principal and income and to all beneficiaries was incorporated in the trust.

## VII.

It was also set forth:

"*Sixth: Irrevocable:* It is hereby expressly declared that this Deed and the trusts thereby limited and declared shall be and are irrevocable."

## VIII.

The presently living beneficiaries under the terms of the trust, if they continue to live until the death of plaintiff are (excepting plaintiff): Plaintiff's wife, Mary Felver Collins, with whom he is now living, and a son of a former marriage, Dawson Rae Collins, Jr., who is over 21 years of age and does not live with plaintiff.

## IX.

There has been some depreciation of the assets of the trust over the years it has been in force.

## X.

Plaintiff alleges that the income from the trust has been substantially diminished.

## XI.

Plaintiff has made numerous requests that the trust be terminated. Defendant is willing that the trust be terminated provided the court determines that plaintiff possesses the right and power to terminate the trust.

## XII.

Plaintiff alleges he will suffer great and irreparable damage if the trust continues to exist.

### Discussion

Out of this proceeding there have arisen two questions of law: (1) Whether a declaratory judgment is a proper remedy or form of relief under the circumstances and (2) whether a trust to pay the income thereof successively to settlor, his wife and children, or their issue, and to pay the principal to the descendants of settlor may be terminated by settlor and trustee.

Petitioner, having stated that there is a question of the courts' jurisdiction on a declaratory judgment petition under these circumstances, cited no cases and relies entirely upon the language in sections 1 and 2 of the act, supra, which sections state the general scope and power to construe. The jurisdiction of a court to declare rights and status under a writing such as this trust is not as broad as the phraseology of those sections of the act would seem to make it appear. For instance, in Schoenbrun et al. v. Nettrour et al., 360 Pa. 474 (1948), it was restated that the rule is established in all jurisdictions where declaratory judgment practice obtains that it is a matter of discretion whether

or not jurisdiction will be taken of any particular case. And in the case which tested the constitutionality of the Declaratory Judgments Act in Pennsylvania, Kariher's Petition (No. 1), 284 Pa. 455 (1925), it was said at page 471:

". . . and that jurisdiction will never be assumed unless the tribunal appealed to is satisfied that an actual controversy, or the ripening seeds of one, exists between *parties, all of whom are sui juris and before the court.*" (Italics supplied.)

The requirement that all parties whose interests would be affected by the declaration must be in court was mentioned in Kraft Trust, 77 D. & C. 308 (1950, Allegheny Co.). But there the real question was whether settlor could assign retained or reserved life income despite a spendthrift clause in the instrument prohibiting assignment. Interests subsequent to settlor-life beneficiary were not involved at all, for the only parties there concerned were donor-petitioner and the trustee.

Herein, under the terms of the trust there are the following persons not made parties to the proceeding or before the court and possibility of others not sui juris who are life beneficiaries: (a) a widow; (b) a son, Dawson Rae Collins, Jr.; (c) possible unborn children of settlor; (d) possible children of Dawson Rae Collins, Jr., who would stand in the place of their father in the event of his death.

The position is taken in Actions for Declaratory Judgments—Anderson, page 495, that courts should be scrupulously cautious in granting of declaratory judgments where the rights of children may be involved and that as a general rule relief should be denied if to grant it might operate injuriously to such children. This position is stated to be the law in Pennsylvania in Quigley's Estate, 329 Pa. 281, 295 (1938), where Mr. Justice Stern wrote:

"Persons may be born hereafter who will be concerned in the problems here involved, which is a cogent reason for postponing an adjudication of their rights";

Since under the terms of provision "Second" of the trust, in default of appointment by will, life estates succeeding that of testator are awarded to his widow, children, and issue of deceased children, relief should be denied on that phase of the trust alone, without discussing the remainder interest. First, neither the widow or only living son are made parties or are before the court. Secondly, there is always the possibility in law that other children may yet be born of settlor. Thirdly, the present child may die before testator, in which event this son may have children who would take the life estate in lieu of their father. Fourthly, there may be no more descendants of the trustor and his wife and son may predecease him, in which event, those taking under an alternate provision would prevail.

The possible interest of these beneficiaries is not removed by the fact that they are to take only in default of appointment by will. See McCreary Trust, 354 Pa. 347 (1946), where it was said at page 350, despite the estate created in the children being contingent upon default to appoint by will:

"This provision for the children and issue of the settlor creates an interest in them."

Had we been able to entertain this petition, the problem for determination would be, whether the Collins' trust could be terminated. The answer to that problem, has to a certain extent been previewed in our ascertainment that there could be no declaratory judgment, because all necessary parties had not been joined and were not before the court. Where there are no beneficiary trust interests other than that of

settlor, he is said to be the sole beneficiary and can compel the termination of the trust: A. L. I. Restatement of the Law of Trusts §339. However, if some of the beneficiaries are unascertained or under an incapacity or do not consent, then the trust will not be terminated: A. L. I. Restatement of the Law of Trusts §338; Jones' Trust Estate, 284 Pa. 90 (1925).

The persons whose consent is necessary must represent trust interests whose sum total is equivalent to an absolute fee. Those persons represent all the life tenants and remaindermen, whether their interest is vested or contingent, ascertained or unascertained, living or unborn: Jones' Trust Estate, supra, 96 Univ. of Pa. Law Review 310.

The successor life beneficiaries have not consented to the termination. Both Mary F. Collins and D. R. Collins, Jr., the two presently known persons falling within this classification have not agreed that the trust shall be terminated. Should settlor have additional children, they too would share in the life estate. There are possible interests of unborn children. In the same category are possible children of D. R. Collins, Jr., who would take in lieu of their father should he die. The fact that all these interests have not and cannot be foreclosed prevents trust termination. Hence, we need not go into the provisions with respect to the remainder and limitation over of the principal of the trust.

The opinion of Judge Hunter was adopted in a per curiam in McCreary Trust, supra:

"There are many cases in which a trust has been sustained against the settlor, notwithstanding his reservation of both the income for life and a power to appoint the principal by will, of which may be cited Reese v. Ruth, 13 S. and R. 434; Ashurst's Appeal, 77 Pa. 464; Reidy v. Small, 154 Pa. 505; Rynd v. Baker, 193 Pa. 486; Potter v. Fidelity Co., 199 Pa.

466

360; Fry v. Mercantile Co., 207 Pa. 640; Willard v. Integrity Co., 273 Pa. 24. . . .

"A settlor should not be permitted to destroy a limitation over to children and issue, particularly where as in this case the settlor by express declaration omits all power of revocation or alteration."

It must be noted that in the instant case the estate given to the children was but a life right and not a limitation over. Yet, the children do take as purchasers and have an interest, even though it is less than the principal.

Further, this trust is made a spendthrift trust as to both classes of life beneficiaries. In Pennsylvania a spendthrift trust cannot be revoked: Rehr v. Fidelity-Philadelphia Trust Co., 310 Pa. 301 (1932); Long et al. v. Tradesmens National Bank and Trust Company, 108 Pa. Superior Ct. 363 (1933).

### Conclusions of Law

1. All parties in interest in the Collins' trust have not been joined in the proceeding.

2. All parties in interest under the Collins' trust have not consented to its termination.

### Decree

And now, September 18, 1952, the petition of Dawson Rae Collins is dismissed. The costs are placed upon petitioner.