## Elliot Estate

*Candor, Youngman & Gibson*, for petitioners.

*John M. Hill*, trustee for unascertained interests, p. p.

WILLIAMS, P. J., November 5, 1953.—Wister M. Elliot and William Norman Elliot have petitioned the court to terminate two thirds of the trust created under the will of Emily M. Elliot, which two thirds are for the benefit of petitioners.

### Findings of Fact

The court makes the following findings of fact:

1. That Emily M. Elliot died on April 16, 1910, her will being recorded in Lycoming County, in Will Book 14, page 61.

2. That item 10 of her last will and testament reads as follows:

"ITEM 10. I give and devise unto the Susquehanna Trust and Safe Deposit Company, of Williamsport, Pennsylvania, my brick business block, situate at the southwest corner of West Fourth and Pine Streets, in the City of Williamsport, County of Lycoming and State of Pennsylvania, in trust, nevertheless, for the

following uses and purposes, and none other, to-wit: That the said trustee shall take and hold the same, and use it only for business purposes, keep it in good repair and insured and, in case of its destruction by fire, rebuild the same; that said trustee shall rent the same and collect and receive the rents and income therefrom, and after deducting reasonable compensation, costs of insurance, repairs, charges and taxes, and any other legitimate expenses, shall pay over the net income thereof unto my three children, May F. Elliot, William Norman Elliot and Wister M. Elliot, one third to each. For and during their natural lives. If one or more of my said children shall die without leaving issue surviving, the income of such deceased child or children shall be paid to the survivor or survivors during the continuance of this trust. If such deceased child shall leave issue surviving them, the income of such deceased child shall, during the continuance of this trust, be paid to his or her children. I empower each of my said three children to dispose by last will and testament of the one-third of the net income of said property for and during the continuance of said trust, *and of the undivided one-third interest and remainder in fee in said property to be enjoyed in possession upon the termination of said trust;* and in the event of such testamentary disposition of the one-third of the net income of said property, the same, instead of going to the survivor or survivors of my said three children, or to the issue of such testator, shall be paid, during the continuance of said trust, in accordance with the directions of such testamentary disposition thereof. Upon the death of all of my said three children, and not sooner, it is my will that the trust hereby created shall cease and determine, and that said property so therefor held in trust, or such part thereof as shall not have been disposed of by any of' my said three children by last will

and testament in exercise of the power hereinbefore conferred upon them for that purpose, shall then and thereupon by force of this will go in fee simple to my grandchildren then living, per stirpes and not per capita, being the issue of such of my said three children as shall not have made any testamentary disposition otherwise of any respective one-third thereof."

3. That the West Branch Bank and Trust Company is successor trust company to the Susquehanna Trust and Safe Deposit Company named in item 10 of said will as the trustee.

4. That Wister M. Elliot, mentioned in item 10 of said will, is living at 1303 Farington Road, Philadelphia, and is 72 years of age, a widower; and that said Wister M. Elliot has one child, a son, to wit, Wister M. Elliot, Jr.

5. That the said Wister M. Elliot made a last will and testament dated August 17, 1935, in which he gave and bequeathed all of the rest, residue and remainder of his estate, after debts and funeral expenses, to his son, Wister M. Elliot, Jr.; that he executed a codicil to said last will and testament, under date of January 19, 1953, in which codicil he gave, devised and bequeathed the property mentioned in item 10 of the will of Emily M. Elliot to his son Wister M. Elliot, Jr.; that said last will and testament and codicil are in force, and that the said Wister M. Elliot, in his petition to the court in this proceeding, stated under oath that he would not change said last will and testament and codicil.

6. That the said Wister M. Elliot, Jr., has petitioned the court to dissolve the trust as set up under item 10 of the last will and testament of Emily M. Elliot.

7. That the petitioner William Norman Elliot is married and living with his wife, Agnes Kemper Elliot, in Brooklyn, N. Y., and is 83 years of age; that the said William Norman Elliot is the father of two

sons, William Kemper Elliot and George Randolph Elliot, who with their wives have joined in the prayer of this petition.

8. That the said William Norman Elliot made a last will and testament dated September 17, 1942, in which he gave all of his property of whatsoever nature, including his interest rights under item 10 of the last will and testament of his mother, Emily M. Elliot, to his wife, Agnes Kemper Elliot, and that said last will and testament is· still in existence.

9. That the petitioners, Wister M. Elliot and William Norman Elliot, have averred in their petition that the exercise of the powers of their appointment under item 10 of the will of Emily M. Elliot will remain unchanged during the balance of their married lives.

10. That the income received by Wister M. Elliot under item 10 of said last will and testament of Emily M. Elliot is insufficient to maintain his home and provide for the necessities of life as well as medical expenses.

11. That the income received from item 10 of the last will and testament of Emily M. Elliot is no longer adequate for the maintenance and support of William Norman Elliot.

12. That the share of the trust estate created by Emily M. Elliot, deceased, under item 10 of her will for the benefit of her daughter, May E. Doebler, and the terms and conditions under which said share is held by the trustee is described and set forth in a decree of the Orphans' Court of Lycoming County, dated April 1, 1935, in the Estate of May E. Doebler, deceased, March term, 1934, no. 36.

### Discussion

Emily M. Elliot tried to provide for the support of her children by providing a trust under which they were to receive the income for life. She authorized

these children, through her last will and testament, to will both income and principal of this trust to whomsoever they pleased. At the present time the income they receive from this trust is insufficient to provide for their wants. Originally they received much more from the trust fund and at that time, in 1910, the money they received was of much greater value than it is today.

They now petition the court to dissolve this trust and joining with them in this petition are their children and the wife of one of the petitioners. Both petitioners have made wills by which they dispose of both income and principal of the trust and, in addition, they have agreed that they will not change their wills. Beneficiaries of the wills have joined in the prayer of the petitioners to dissolve the trust so that the income and principal of the trust estate shall be transferred to the petitioners, Wister M. Elliot and Norman Elliot, they being two of the three children mentioned in the will of their mother. The present proceeding affects only two thirds of the trust estate.

It has been held in Pennsylvania that if all of the parties who are, or may be beneficially interested in a trust are in existence and sui juris, if there is no ultimate purpose of any kind requiring its continuance, and if all the beneficiaries consent, a court of equity will decree its termination. It has been held, however, that if the purpose of the settlor in establishing the trust has not been fully accomplished, and if the settlor is deceased, the trust cannot be terminated even though all the beneficiaries desire that it should be: Bower's Trust Estate, 346 Pa. 85. It has also been held that an agreement to make a will or to bequeath one's property to a particular person or for a particular purpose is binding and irrevocable when supported by valid consideration: Gredler Estate, 361 Pa. 384.

Inasmuch as the two petitioners in this case who are now receiving the income from this trust and who were given the power of appointment as to the income and principal of their share of the trust, have done so by will and have agreed that they will not change their wills, and inasmuch as the beneficiaries of these wills have petitioned the court for the revocation of the trust, it appears that all the parties in interest, excepting the settlor, have consented to the termination of the trust.

As to the settlor, the court finds that the trust is failing to accomplish the purpose for which it was created. The property was left to the petitioners in 1910, they to receive the income. At that time, the income was much larger. What income they now receive has less value than a like amount of income in 1910. The trust was established by the settlor for the protection of her children. It no longer protects them. By reason of shrinkage in income, it no longer accomplishes the purpose for which it was created. See Goodell's Estate, 53 D. & C. 13.

We are, therefore, of the opinion that the trust should be dissolved and that the funds should be distributed to the petitioners.

And now, November 5, 1953, after hearing in open court on the petition filed by Wister M. Elliot and William Norman Elliot, it appearing that all parties having a beneficial interest in the shares of Wister M. Elliot and William Norman Elliot in the trust created under paragraph 10 of the last will and testament of Emily M. Elliot, deceased, are sui juris and have joined in the prayer of the petition, it further appearing that the purposes of the trust created in behalf of Wister M. Elliot and William Norman Elliot under said item 10 have failed, it is ordered, adjudged and decreed that the trust created under item 10 of the last will and testament of Emily M. Elliot, deceased, in behalf

of Wister M. Elliot and William Norman Elliot is hereby terminated and West Branch Bank and Trust Company, successor trustee to Susquehanna Trust and Safe Deposit Company, is ordered to segregate and set aside that part of said trust which inures to the benefit of May E. Doebler under a decree of the Orphans' Court of Lycoming County, dated April 1, 1935, in the Estate of May E. Doebler, March term, 1934, no. 36, and to distribute the balance of said trust principal and income in equal shares to Wister M. Elliot and William Norman Elliot.