## Fries Estate

*Richard T. Williamson*, for accountant.

*William R. Forry*, for executor.

MUTH, P. J., August 29, 1966—Peoples Trust City Bank was appointed trustee, under a deed of trust, dated March 10, 1961, between J. Gladys Fries, settlor, and the said Peoples Trust City Bank, trustee.

The occasion for this accounting is the death of the settlor, J. Gladys Fries, on February 14, 1966. This account was filed on March 30, 1966. . . .

On March 10, 1961, J. Gladys Fries and Peoples Trust City Bank entered into an agreement of trust, whereby the settlor transferred to the trustee, Peoples Trust City Bank, certain assets, the income therefrom to be paid to the settlor, J. Gladys Fries, for life, and, upon her death, the trust to continue for her son, Charles F. Fries, Jr., and, upon his death, the trust to terminate and the principal to vest in such person or persons as the said son shall by will appoint, and, in failure of such appointment, to be distributed

to his heirs according to the intestate laws of the Commonwealth of Pennsylvania.

On October 26, 1965, J. Gladys Fries and Charles F. Fries, Jr., by written notification, requested that the said trust be terminated and the corpus and accumulated interest be returned to J. Gladys Fries. On November 22, 1965, Charles F. Fries, Jr., by written notice to the trustee, requested termination of the trust aforesaid, and J. Gladys Fries made a similar notation to the trustee on December 6, 1965. On December 9, 1965, J. Gladys Fries and Charles F. Fries, Jr., met with officers and employes of the Peoples Trust City Bank and again requested orally the termination of the said trust. J. Gladys Fries died February 14, 1966.

The account of Peoples Trust City Bank, trustee under the aforementioned agreement of trust, has been filed and is before us for audit. The accountant poses the question whether the balance of income and the corpus of the trust be awarded to the Reading Trust Company, executor of the estate of J. Gladys Fries, or whether the corpus of the trust should be awarded to it, the accountant, in continuance of the trust within mentioned, and for the benefit of Charles F. Fries, Jr. The question before us, therefore, is whether or not the said trust should be terminated.

Restatement of Trusts 2d §338(1) provides:

"If the settlor and all of the beneficiaries of a trust consent and none of them is under an incapacity, they can compel the termination or modification of the trust, although the purposes of the trust have not been accomplished".

The comment under this section states that it is applicable, even though the settlor did not reserve the power of revocation and the trust by its terms is irrevocable. In Bowers' Trust Estate, 346 Pa. 85, the court terminated an inter vivos trust in which the

income was to be paid to the settlor for life and upon her death to her son, who was to receive part of the principal at age 25 and the balance at age 30. In its opinion, the court referred to section 338 of the Restatement of the Law of Trusts, and also referred to the fact that the trust instrument contained a separate use provision and a spendthrift clause.

In Ammon's Trust Estate, 52 D. & C. 509, the court allowed the termination of an inter vivos trust by consent of all the parties where the trust instrument provided for the payment of income to the first wife of the settlor for life, and upon her death directed that the principal be paid to the settlor if living, and if not to his executor or administrator, or to such persons as were designated as beneficiaries in the will of the settlor. The trust instrument contained a spendthrift provision as far as the life tenant was concerned. In approving the termination of the trust, the court referred to section 338 of the Restatement of the Law of Trusts and to Bowers' Trust Estate, supra, stating:

"The distinction is recognized between a testamentary trust, where the Settlor cannot and does not consent, and an inter vivos trust, where the Settlor can and does consent to termination".

It will be noted that in this case the settlor and the life tenant, who possessed a general power of appointment, both requested termination of the trust in writing during the lifetime of the settlor.

Section 2 of the Estates Act of April 24, 1947, P. L. 100, dealing with the termination of trusts, provides:

"The consent of all parties means the consent of all those having any possible interest in the trust no matter how remote . . . However, if the life tenant has a general testamentary power of appointment and the gift in default is to his heirs, the life tenant is the sole beneficiary and can terminate the trust".

See Reiniger's Estate, 36 D. & C. 163; Dodson v. Ball, 60 Pa. 492; Long v. Tradesmens National Bank and Trust Company, 108 Pa. Superior Ct. 363.

In the trust created by J. Gladys Fries, the life tenant, Charles F. Fries, Jr., by the terms of the trust instrument, received a general power of appointment and in default of appointment the gift was to his heirs under the intestate laws of the Commonwealth of Pennsylvania. His consent and that of the settlor constitutes consent of all the parties in interest.

The trust instrument executed by J. Gladys Fries contained a spendthrift clause providing that: "The principal and income of this trust shall be paid to those entitled thereto free and discharged from liability to execution or attachment in any form, for all debts or liabilities whatsoever of the parties entitled thereto, or to assignment or anticipation in any manner by the said parties".

Restatement of Trusts 2d §338(d) provides:

"Although by the terms of the trust or by statute the interest of one or more of the beneficiaries is made inalienable by him, if all of the beneficiaries and the settlor, none of them being under an incapacity, consent to terminate the trust, the trust will be terminated, although the beneficiaries without the consent of the settlor could not compel the termination of the trust".

See Bregy, Intestate, Wills and Estates Acts of 1947, page 5156; Bowers' Trust Estate, 346 Pa. 85.

Accordingly, we find that all the parties at interest of the within trust have, during the lifetime of the settlor, requested and directed the termination of the within trust, and the said trust is hereby terminated and distribution awarded unto The Reading Trust Company, Executor of the Estate of J. Gladys Fries, Deceased. . . .